JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Richard Fears, appeals his gross sexual imposition conviction. After a thorough review of the record, and for the reasons set forth below, we affirm.
 {¶ 2} On August 22, 2006, the grand jury indicted appellant on 74 counts, which included charges of rape under R.C. 2907.02(a)(1)(b), kidnapping under R.C. 2905.01(a)(2), and gross sexual imposition under R.C. 2907.05(a)(4). All counts carried sexual violent predator specifications. On August 25, 2006, appellant pleaded not guilty to all counts.
 {¶ 3} On December 12, 2006, a jury trial began. On December 19, 2006, the jury convicted appellant of one count of gross sexual imposition, a third degree felony. On May 30, 2007, the trial court sentenced appellant to five years imprisonment with five years of postrelease control. On June 13, 2007, appellant filed a notice of appeal.
 {¶ 4} The facts that lead to this appeal began in August 2006, when appellant was arrested for sexual assault of a minor, M.H. (DOB 3/7/1993) ("the victim"). Appellant was the boyfriend of the victim's mother and the father of two of the victim's siblings. According to the victim, over a 17-month period, appellant touched her breasts and buttocks, inserted his finger into her vagina, and vaginally penetrated her with his penis numerous times.
 {¶ 5} On August 8, 2006, appellant locked the victim in her bedroom with him, unzipped her pants, and vaginally penetrated her with his penis. Because she could *Page 4 
not find her daughter or appellant in the house, the victim's mother knocked on the victim's bedroom door and found it locked. The mother yelled for her daughter to come out of the room. Appellant came out of the room, and the mother saw the victim buttoning her pants. The victim told her mother about appellant's actions over the previous 17 months, and they called the police.
 {¶ 6} The victim testified that she could not remember exactly how many times appellant assaulted her because it happened so frequently. She remembered that he attacked her in the basement, her mother's room, the dining room, the living room, and the "little room." The victim recalled at least ten times when she was assaulted while living on Meadowbrook Drive and that appellant continued the attacks after her family moved to Mt. Herman Avenue.
 {¶ 7} Appellant testified on direct examination that he had two other children by two other women while dating the victim's mother. Appellant also testified that he worked several jobs to support his children and helped out with his girlfriends' other children. The state tried to rebut this testimony by showing that appellant was not involved in the lives of his children.
 {¶ 8} Appellant brings this appeal, asserting two assignments of error for our review.
 Inadmissible Testimony {¶ 9} "I. The trial court abused its discretion by (i) permitting the state to extensively cross-examine appellant about numerous irrelevant and prejudicial *Page 5 
subjects unrelated to the sex abuse charges, and (ii) by failing to sua sponte end such questioning, admonish the prosecutor or give the jury a curative instruction, all of which violated Ohio Evid. Rules 402, 403 and 404, and deprived him of his rights to a fair trial and substantive due process guaranteed by Article I, Section 10 of the Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution."
 {¶ 10} Appellant argues that the trial court abused its discretion when it allowed inadmissible testimony and an improper closing argument. More specifically, he alleges that the trial court should not have allowed the state to cross-examine him about "irrelevant and prejudicial subjects." This argument is without merit.
 {¶ 11} It is well established that under Evid. R. 104, the introduction of evidence at trial falls within the sound discretion of the trial court. State v. Heinish (1990), 50 Ohio St.3d 231, 239, 553 N.E.2d 1026. Therefore, "an appellate court which reviews the trial court's admission or exclusion of evidence must limit its review to whether the lower court abused its discretion." State v. Finnerty (1989),45 Ohio St.3d 104, 107, 543 N.E.2d 1233. A trial court abuses its discretion when it acts in an unreasonable, arbitrary, or unconscionable manner. A reviewing court should not substitute its judgment for that of the trial court. See, generally, State v. Jenkins (1984), 15 Ohio St.3d 164,473 N.E.2d 264.
 {¶ 12} Under Evid. R. 402, "evidence which is not relevant is not admissible." But, under Evid. R. 403(A), even if evidence is relevant, it "is not admissible if its *Page 6 
probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." However, the state is permitted to cross-examine a witness on matters regarding his credibility. State v. Rigor (Dec. 14, 2000), Cuyahoga App. No. 76201; Evid. R. 611(B).
 Cross-Examination {¶ 13} On direct examination, appellant essentially presented testimony that he was a good parent. Under Evid. R. 404(A)(1), "evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, [except] evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same is admissible * * *." Appellant testified that he had several children by different women, that he worked several jobs to support his kids and helped out with his girlfriends' other children. This is clearly testimony offered by an accused to show his positive character traits, which include that he is a decent father figure. Therefore, the state was allowed to offer evidence to rebut this evidence. On cross-examination, the state asked appellant about the number of children he had, whether he financially supported them, what their birthdays were, and his employment efforts. We find that these questions were appropriate under Evid. R. 404.
 {¶ 14} Further, even if the testimony was improperly admitted, we consider it harmless error. Any error will be deemed harmless if it did not affect the accused's "substantial rights." Otherwise stated, the accused has a constitutional guarantee to a trial free from prejudicial error, not necessarily one free of all error. Where there is *Page 7 
no reasonable possibility that the unlawful testimony contributed to a conviction, the error is harmless and therefore will not be grounds for reversal. State v. Lytle (1976), 48 Ohio St.2d 391, 358 N.E.2d 623, paragraph 3 of the syllabus, vacated on other grounds in Lytle v.Ohio (1978), 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed. 2d 1154.
 {¶ 15} Here, there was overwhelming evidence of appellant's guilt. The victim testified to several specific instances that supported appellant's one conviction for gross sexual imposition. Once when the victim was 12 years old, appellant came into her bedroom, asked her if she had ever had sex, and proceeded to touch her buttocks and breasts outside her clothes. Later, he touched her breasts and buttocks, outside her clothes, while they watched a movie. Lastly, in the "small room," he touched her breast and buttocks under her clothes with his penis exposed. Based upon this evidence, it is clear that the jury would have convicted appellant on one count of gross sexual imposition even if it had not heard appellant's cross-examination testimony.
 {¶ 16} We also note that appellant's trial counsel objected to some, but not all, of the alleged improper testimony. Although the testimony that was objected to is subject to an abuse of discretion standard, any testimony that trial counsel failed to object to is reviewed under a plain error standard. To constitute plain error, the error must be obvious on the record, palpable, and fundamental, so that it should have been apparent to the trial court without objection. See State v.Tichon (Apr. 19, 1995), Summit App. No. 16653. Moreover, plain error does not exist unless the *Page 8 
appellant establishes that the outcome of the trial clearly would have been different but for the trial court's allegedly improper actions.State v. Waddell (1996), 75 Ohio St. 3d 163, 166, 1996-Ohio-100,661 N.E.2d 1043.
 {¶ 17} Notice of plain error is to be taken with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. State v. Phillips, 74 Ohio St. 3d 72, 80, 1995-Ohio-171,656 N.E.2d 643. For the same reason we found that the testimony, if improper, would have been harmless error, we find that the testimony would survive a plain error analysis. As discussed above, there was sufficient testimony in the state's favor, such that we cannot say that the outcome would have been different without the alleged improper testimony.
 Prosecutorial Misconduct {¶ 18} Appellant also alleges that the prosecutor engaged in prosecutorial misconduct during cross-examination and during closing arguments. A defendant is entitled to a new trial when a prosecutor makes improper remarks that substantially prejudice him. State v.Tibbetts, 92 Ohio St.3d 146, 168, 2001-Ohio-132, 749 N.E.2d 226. In order to reverse appellant's conviction because of prosecutorial misconduct, we must find that the remarks were improper and that the remarks prejudiced appellant. State v. Smith (1984), 14 Ohio St.3d 13,14, 470 N.E.2d 883. "It must be clear beyond a reasonable doubt that, absent the prosecutor's comments, the jury would have found defendant guilty." Id. at 15. "To determine prejudice, the effect of the prosecutor's misconduct must be considered in light of the whole trial.State v. Frazier, 115 Ohio St.3d 139, 164, 2007-Ohio-5048."State *Page 9 v. Hudson, Cuyahoga App. No. 89588, 2008-Ohio-1265, at ¶ 22. As discussed above, the prosecutor's questions on cross-examination were admissible; therefore, we find no prosecutorial misconduct on that issue.
 Closing Argument {¶ 19} Our review of the record shows that defense counsel failed to object to the prosecutor's comments during closing argument; therefore, appellant has waived all but plain error. We find that the state's comments during closing argument do not rise to the level of prosecutorial misconduct.
 {¶ 20} "Parties are granted wide latitude in closing arguments.State v. Smith, 97 Ohio St.3d 367, 377, 2002-Ohio-6659. Further, the question as to the propriety of these arguments is generally left to the sound discretion of the trial court. State v. Maurer (1984),15 Ohio St.3d 239, 266." Hudson, at ¶ 29. Appellant takes issue with the fact that the prosecutor, during closing argument, stated that appellant had touched the victim "almost every day" and "more than one time a day in every room." Appellant contends that this does not summarize the victim's testimony accurately. However, the victim did testify that appellant touched her "every time he got a chance" and answered "yes" to the prosecution's question "did it happen more than once in every one of those rooms?" Because the prosecutor's comments did not stray that far from the victim's actual testimony; because it was only two isolated comments; and because the comments did not prejudice appellant given the *Page 10 
sufficient amount of testimony against him, we find that there was no prosecutorial misconduct. Accordingly, appellant's first assignment of error is overruled.
 Sentencing {¶ 21} "II. The trial court erred in sentencing appellant to a five-year maximum prison term because the sentence was unconstitutionally harsh given appellant's clean criminal record and the minimal evidence of harm to the alleged victim."
 {¶ 22} Appellant argues that the trial court erred when it sentenced him to five years on his conviction for gross sexual imposition. More specifically, he alleges that his sentence is "unconstitutionally harsh" in light of his lack of a criminal record and of the "minimal evidence of harm" to the victim. This argument is without merit.
 {¶ 23} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, the Ohio Supreme Court found several sections of the revised code unconstitutional, and severed the offending portions from the statutes. As a result, trial courts now have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or state reasons for imposing more than the minimum sentence. Id.
 {¶ 24} After Foster, a trial court no longer has to make findings or give reasons at the sentencing hearing. State v. Dowell, Cuyahoga App. No. 88864, 2007-Ohio-5534, at ¶ 6. However, a court must carefully consider the applicable statutes in felony cases. Id. Here, the applicable statues are R.C. 2929.11, which indicates the purposes of sentencing, and R.C. 2929.12, which lists factors the trial court should consider relating to the seriousness of the offense. *Page 11 
 {¶ 25} Under R.C. 2929.11(A), "the overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender." In State v. Oko, Cuyahoga App. No. 87539, 2007-Ohio-538, at ¶ 18, this court held that "R.C. 2929.11
does not require a trial court to make findings on the record, but rather, it sets forth objectives for sentencing courts to achieve."
 {¶ 26} A review of the record shows that the trial judge considered the R.C. 2929.12 seriousness factors during appellant's resentencing. Those factors applicable to appellant's case include the victim's physical and psychological injuries; the victim's age; appellant's lack of remorse; and the offender's relationship to the victim, which facilitated the offense. Specifically, the judge found that appellant had no remorse; that the situation affected his own children (as the victim's siblings); and that the victim did not want to address the court because she is "holding a lot in" (psychological harm) and because of her physical scars, which included weight gain.
 {¶ 27} A review of the sentencing record shows that the trial court considered the appropriate factors under R.C. 2929.12. Five years is an appropriate sentence under R.C. 2907.05 and 2929.14. We find that appellant's sentence is supported by the record; the trial court followed the statutory process for felony sentencing; and the sentence imposed is within the statutory range for appellant's convictions. Accordingly, appellant's second assignment of error is overruled.
 Judgment affirmed. *Page 12 
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., CONCURS; SEAN C. GALLAGHER, P.J., CONCURS IN JUDGMENT ONLY. *Page 1