JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Kenyatta Jolly, appeals from his conviction and sentence in Cuyahoga County Court of Common Pleas case numbers CR-459056 and CR-468122. For the reasons stated below, we affirm the conviction, but vacate the sentence and remand the matter for resentencing.
 {¶ 2} On January 3, 2006, pursuant to a plea bargain agreement, Jolly entered a plea of guilty to the following charges: in case number CR-459056, one count of tampering with evidence, a felony of the third degree; in case number CR-468122, one count of attempted felonious assault, a felony of the third degree, and two counts of assault on a peace officer, felonies of the fourth degree. Other charges and specifications arising under CR-468122 were dismissed by the court.
 {¶ 3} At the sentencing hearing, the trial court indicated that Jolly had previously served a prison term. The court also found Jolly was not amenable to community control sanctions. In CR-459056, the court imposed a one-year prison term on the tampering with evidence offense. In CR-468122, the court imposed a three-year prison term on the attempted felonious assault offense and seventeen months on the assault on a peace officer offenses, and ordered the sentences in this case to run consecutive to each other, but concurrent to the sentence imposed in CR-459056.
 {¶ 4} Jolly filed this appeal, raising one assignment of error for our review. His assignment of error provides the following:
 {¶ 5} "The trial court erred by ordering appellant to serve a consecutive sentence by not first considering a minimum concurrent sentence."
 {¶ 6} Under this assignment of error, Jolly raises issues with respect to both his sentence and his plea. While we do find that Jolly's sentence is to be vacated and that the matter is to be remanded for a new sentencing hearing, we find no merit to his plea challenges.
 {¶ 7} Jolly initially questions the trial court's findings for imposing consecutive sentences. He inconsistently argues whether the trial court did or did not make appropriate findings. Regardless of the trial court's findings in this matter, we are
required to vacate Jolly's entire sentence and remand this case for a new sentencing hearing pursuant to the Ohio Supreme Court decision inState v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. The Foster holding applies to all cases on direct review. Id.
 {¶ 8} The Foster court found that judicial findings are unconstitutional and that several provisions of Senate Bill 2 are unconstitutional. Id. The court concluded that a trial court is no longer required to make findings or give its reasons for imposing maximum, consecutive, or more than the minimum sentences. Id. Because the trial court sentenced Jolly under unconstitutional statutory provisions, he must be resentenced.
 {¶ 9} On remand, the parties may stipulate to the sentencing court acting on the record before it. Id. The trial court shall consider those portions of the sentencing code that are unaffected by Foster and has full discretion to impose a prison term within the statutory range. Id. The trial court is not barred from imposing consecutive sentences. Id.
 {¶ 10} Jolly also presents an argument claiming he should be permitted to withdraw his plea because he relied upon the status of the law as it existed at the time he entered into the plea bargain agreement and the law has now changed, along with the bargained-for agreement. Therefore, he states that his plea was not voluntarily, knowingly, and intelligently entered into. We find no merit to this argument. Jolly never filed a motion to withdraw his plea in the trial court. Further, the trial court is without jurisdiction to consider such a motion on the sentencing remand, as Jolly's conviction is being affirmed herein. SeeState v. Bogan, Cuyahoga App. No. 87259, 2006-Ohio-3842.
 {¶ 11} We further find that insofar as Jolly argues thatFoster violates his right against ex post facto legislation, this argument is premature because Jolly has not yet been sentenced underFoster. See State v. Chambers, Cuyahoga App. No. 87221,2006-Ohio-4889;State v. Ervin, Cuyahoga App. No. 87333, 2006-Ohio-4498. Nevertheless, we do take note that the Ohio Supreme Court in Foster provided that the appropriate course to follow when a sentence is deemed void is for the appellate court to vacate the sentence and remand the matter to the trial court for a new sentencing hearing. Foster, 109 Ohio St.3d at 31. The court expressly indicated: "Courts shall consider those portions of the sentencing code that are unaffected by [this] decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties." Id. We are bound to follow the Ohio Supreme Court's directive. Therefore, we see no merit in any potentialFoster contentions regarding ex post facto and due process claims.
 {¶ 12} This matter is affirmed as to Jolly's conviction; sentence vacated and remanded for resentencing.
It is ordered that appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, J., CONCURS; MICHAEL J. CORRIGAN, J.,*
CONCURS IN JUDGMENT ONLY (See separate opinion.)
* Sitting by Assignment: Judge Michael J. Corrigan, Retired, of the Eighth District Court of Appeals.