JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Lovaneous Dowell, appeals from the judgment of the Cuyahoga County Court of Common Pleas, resentencing him after remand from this court pursuant to State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. Finding no merit to this appeal, we affirm.
 {¶ 2} The procedural history and facts of appellant's conviction are set forth at length in State v. Dowell, 166 Ohio App.3d 773,2006-Ohio-2296. Briefly, appellant was indicted on one count of burglary in violation of R.C. 2911.12, a second degree felony, charged with entering an attached garage while the homeowner was in his car and attempting to steal a battery charger. Appellant was found guilty by the jury and sentenced by the trial court to the maximum term of eight years in prison. On appeal, this court affirmed the conviction and remanded the matter to the trial court for resentencing pursuant toFoster.
 {¶ 3} Upon remand, the trial court held a new sentencing hearing. Following the new hearing, the trial court imposed a sentence of eight years imprisonment, with credit for time served. It is from this sentence that appellant now appeals, raising two assignments of error for our review.
 I {¶ 4} "APPELLANT'S SENTENCE IS CONTRARY TO LAW AND VIOLATES DUE PROCESS BECAUSE THE TRIAL COURT FAILED TO CONSIDER *Page 4 
WHETHER THE SENTENCE WAS CONSISTENT WITH THE SENTENCE IMPOSED FOR SIMILAR CRIMES BY SIMILAR OFFENDERS."
 {¶ 5} Appellant argues that R.C. 2929.11(B) requires that the trial court consider consistency when imposing a sentence and that the record does not adequately demonstrate that the trial court considered the issue of consistency in sentencing him. Without specific comments on the record, appellant argues that we cannot be certain that the trial court adhered to the articulated process for felony sentencing in Ohio. We disagree.
 {¶ 6} After Foster, "the trial court is no longer compelled to make findings and give reasons at the sentencing hearing since R.C.2929.19(B)(2) has been excised; nevertheless, in exercising its discretion the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself." State v.Mathis (2006), 109 Ohio St.3d 54.
 {¶ 7} Even prior to Foster, judicial findings were not required under R.C. 2929.11. State v. Georgakopoulos, Cuyahoga App. No. 81934, 2003-Ohio-4341. Therefore, the Foster and post-Foster decisions make it clear that there is no requirement for judicial findings under R.C.2929.11 or 2929.12, and that the trial court is required only to carefully consider the statutory factors before imposing its *Page 5 
sentence. Foster at T|42; State v. Mathis, 109 Ohio St.3d 54, 62,2006-Ohio-855.
 {¶ 8} Consistency in sentencing is achieved by weighing the sentencing factors. Georgakopoulos, supra. See, also, State v. Tish, Cuyahoga App. No. 88247, 2007-Ohio-1836; State v. Ashley, Lake App. No. 2006-L-134,2007-Ohio-690; State v. Battle, Franklin App. No. 06AP-863,2007-Ohio-1845. The trial court stated in its judgment entry that it finds that prison is consistent with the purposes of sentencing set forth in R.C. 2929.11 and that it had considered all required factors of the law. These statements support the conclusion that the trial court considered the requisite statutory factors prior to sentencing appellant. Furthermore, the transcript of the sentencing hearing shows that the court considered the R.C. 2929.12 factors. The court addressed appellant's "long and distinguished criminal career," detailing for the record appellant's numerous convictions for burglary, robbery, receiving stolen property, and drug abuse. The court noted also that appellant had violated community control sanctions in the past, and had served time in prison. The court also gave appellant and his counsel the opportunity to address the court.
 {¶ 9} We find that the trial court followed the statutory process for felony sentencing. The sentence imposed is within the statutory range for appellant's second degree felony conviction. Appellant's sentence is supported by the record and not contrary to law. Finding no merit to appellant's arguments, we overrule appellant's first assignment of error. *Page 6 
 II {¶ 10} "APPELLANT WAS DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW WHEN HE WAS SENTENCED UNDER A JUDICIALLY ALTERED, RETROACTIVELY APPLIED, AND SUBSTANTIALLY DISADVANTAGEOUS STATUTORY FRAMEWORK."
 {¶ 11} In this assignment of error, appellant contends that the trial court violated his due process rights by retroactively applying the changes made to Ohio's sentencing statutes as a result ofFoster. He maintains that the Foster remedy of severing R.C. 2929.14(C) as unconstitutional, resulted in the abolishment of a statutory presumption of a minimum sentence upon which he and other criminal defendants relied. He argues that in his case, and all cases where the criminal activity pre-dates Foster, the severance remedy is unavailable as a matter of constitutional law and that he is entitled to the imposition of the presumptive minimum sentence.
 {¶ 12} This court has recently addressed this exact issue and rejected it in State v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715. InMallette, this court conducted a thorough analysis of federal and state law and concluded:
 {¶ 13} "In the instant case, [appellant] had notice that the sentencing range was the same at the time he committed the offenses as when he was sentenced. Foster did not judicially increase the range of his sentence, nor did it retroactively apply a new statutory maximum to an earlier committed crime, nor did it create the *Page 7 
possibility of consecutive sentences where none existed. As a result, we conclude that the remedial holding of Foster does not violate [appellant's] due process rights or the ex post facto principles contained therein." Id. at ¶ 47.
 {¶ 14} Likewise, in the instant case we find that the remedial holding of Foster does not violate appellant's due process rights or the ex post facto principles contained therein. Appellant's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J., CONCURS.
 PATRICIA ANN BLACKMON, J., CONCURS IN JUDGMENT ONLY. *Page 1