JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant Kenyatta Jolly appeals from consecutive sentences imposed in two separate cases. Claiming that the remedies set forth in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,[1] operate as an ex post facto law, Jolly maintains that the court should have sentenced him under the sentencing regime declared unconstitutional inFoster. We find no error and affirm.
 {¶ 2} Jolly pleaded guilty in CR-459056 to one count of tampering with evidence, a felony of the third degree. In CR-468122, Jolly pleaded guilty to one count of attempted felonious assault, a felony of the third degree, and two counts of assault on a peace officer, felonies of the fourth degree. The court sentenced Jolly to a term of one year on the tampering with evidence count, 17 months on the assault on a peace officer counts, and three years on the attempted felonious assault counts. The court ordered the three-year and one-year terms to be served concurrently, but consecutive to the 17-month sentence for assault on a police officer.
 {¶ 3} On appeal from those sentences, we reversed pursuant toFoster because the court made factual findings as a predicate to imposing consecutive sentences. See State v. Jolly, Cuyahoga App. No. 87800, 2007-Ohio-286. On remand, the court reimposed the same sentence over Jolly's objections that the *Page 4 
application of Foster would be made ex post facto because he committed his crimes before Foster had been released. Jolly raises this same ex post facto argument on appeal.
 {¶ 4} We summarily overrule the assigned error on authority ofState v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, ¶ 47, where we stated:
 {¶ 5} "Foster did not judicially increase the range of his sentence, nor did it retroactively apply a new statutory maximum to an earlier committed crime, nor did it create the possibility of consecutive sentences where none existed. As a result, we conclude that the remedial holding of Foster does not violate [defendant's] due process rights or the ex post facto principles contained therein." See, also, State v.Dowell, Cuyahoga App. No. 88864, 2007-Ohio-5534.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 5 
ANTHONY O. CALABRESE, P.J., and ANN DYKE, J., CONCUR.
[1] In Foster, the Ohio Supreme Court eliminated sentencing provisions that required judicial factfinding and held that the trial courts have full discretion to impose any sentence authorized by law that is in accordance with the stated purposes and principles of felony sentencing. Id. at ¶ 100. *Page 1