JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Lamar McDuffey, appeals his resentencing based on his conviction for aggravated robbery. After a review of the record and for the reasons set forth below, we affirm.
 {¶ 2} On September 29, 2004, the Cuyahoga County Grand Jury indicted appellant on one count of aggravated robbery, in violation of R.C.2911.01, with both one-and three-year firearm specifications. The charge stemmed from appellant's involvement in the robbery of the Bolivar Garage in Cleveland, Ohio.
 {¶ 3} On August 1, 2004, appellant, who was an employee of USA Parking, allowed his cousin and another man access to the garage in the early morning hours while appellant was on duty and the garage was closed. Appellant had key-access to the garage office, but not to the safe inside. When the garage manager arrived at work that day, he noticed two masked men, one of whom was holding a gun, and the manager reversed his car quickly out of the garage. The men chased the manager into the street until the manager used his cell phone to call the police.
 {¶ 4} On June 23, 2005, after a jury trial, appellant was found guilty of aggravated robbery with both firearm specifications. Appellant was sentenced by the trial court to a prison term of eight years, including five years on the base charge and three years for the firearm charge, to run prior to and consecutive to the five years. The court also sentenced appellant to five years of post-release control. *Page 4 
 {¶ 5} Appellant appealed his conviction and his sentence. This court affirmed his convictions, but remanded his case for resentencing underState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. On April 17, 2007, upon resentencing, the court reviewed the relevant factors and resentenced appellant to five years on the base charge and three years on the firearm specification with five years post-release control, the identical sentence the court had imposed the first time. Appellant filed an appeal of the new sentence on May 18, 2007.
 {¶ 6} Appellant raises two assignments of error for our review.
 {¶ 7} "I. Appellant's sentence is contrary to law and violates due process because the trial court failed to consider whether the sentence was consistent with the sentence imposed for similar crimes by similar offenders."
 {¶ 8} In his first assignment of error, appellant argues that his sentence violated his due process rights because the court did not meet the requirements under R.C. 2929.11(B).[1] Specifically, appellant argues that the court "gave no indication that it considered the consistency of its sentence * * * under the facts of this case." We disagree. *Page 5 
 {¶ 9} "After Foster, `the trial court is no longer compelled to make findings and give reasons at the sentencing hearing since R.C.2929.19(B)(2) has been excised; nevertheless, in exercising its discretion the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself.' State v.Mathis (2006), 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1."State v. Dowell, Cuyahoga App. No. 88864, 2007-Ohio-5534.
 {¶ 10} R.C. 2929.12(B) states, "The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense: * * * (4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice." R.C. 2929.12(D) allows the court to consider whether a defendant has prior convictions. Consistency in sentencing is achieved by weighing the sentencing factors. State v.Georgakopoulos, Cuyahoga App. No. 81934, 2003-Ohio-4341; see, also,State v. Tish, Cuyahoga App. No. 88247, 2007-Ohio-1836.
 {¶ 11} In its judgment entry, the trial court stated that it found a prison term is consistent with the purposes of sentencing set forth in R.C. 2929.11 and that it had *Page 6 
considered all required factors of the law. Appellant's main argument here is that similarly situated offenders did not receive the magnitude of the sentence he received. We note initially that appellant points to no other similarly situated offender except his cousin, Eric Chatmon, who was one of the masked gunmen.
 {¶ 12} At the resentencing hearing, the court specifically addressed appellant's argument regarding defendant Chatmon. The court stated, "I have the docket indicating that Mr. Chapman [sic] was given a reduced sentence as part of a plea bargain * * *. I don't know the basis for that. I don't know if there were witnesses missing or some cooperation by Mr. Chapman [sic] on other cases. I don't know why a different judge than this Court sentenced him and agreed to probation in that case."
 {¶ 13} Appellant and Chatmon are not similarly situated. Chatmon pleaded guilty to attempted robbery, a third degree felony. Appellant was convicted of aggravated robbery, a first degree felony. The two sentences cannot be compared because the underlying offenses are not the same. What appellant seems to be arguing is that he and Chatmon should have been convicted of similar crimes, not that their sentences are inconsistent.
 {¶ 14} Furthermore, the court went through the factors it considered in sentencing appellant. Among these were that other offenders convicted of aggravated robbery were given similar prison terms, that appellant violated the trust he was given as an employee of the garage that was robbed, and that he had prior *Page 7 
convictions. Appellant's contention that the court did not consider facts to support the imposition of a five year prison term on the base charge of aggravated robbery is unfounded. The sentencing hearing clearly sets forth how the court decided on appellant's sentence.
 {¶ 15} Appellant's first assignment of error is overruled.
 {¶ 16} "II. Appellant was deprived of his liberty without due process of law when he was sentenced under a judicially altered, retroactively applied, and substantially disadvantageous statutory framework."
 {¶ 17} In his second assignment of error, appellant contends that the trial court violated his due process rights by retroactively applying the changes made to Ohio's sentencing statutes as a result ofFoster, supra. He argues that the Foster remedy of severing R.C.2929.14(C) "operates to his substantial disadvantage and his criminal conduct predates the Foster decision." He argues that in his case, and all cases where the criminal activity pre-dates Foster, the severance remedy is unavailable as a matter of constitutional law and that he is entitled to the imposition of the presumptive minimum sentence.
 {¶ 18} This court has repeatedly addressed this exact issue and rejected it in State v. Mallette, Cuyahoga App. No. 87984,2007-Ohio-715. In Mallette, this court concluded: "In the instant case, [appellant] had notice that the sentencing range was the same at the time he committed the offenses as when he was sentenced. Foster did not judicially increase the range of his sentence, nor did it retroactively *Page 8 
apply a new statutory maximum to an earlier committed crime, nor did it create the possibility of consecutive sentences where none existed. As a result, we conclude that the remedial holding of Foster does not violate [appellant's] due process rights or the ex post facto principles contained therein." Id. at ¶ 47.
 {¶ 19} Appellant acknowledges that this court's holding inMallette precludes relief and that he raises the issue to preserve his rights on appeal. Therefore, we find that the remedial holding ofFoster does not violate appellant's due process rights or ex post facto principles as applied to appellant.
 {¶ 20} Appellant's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, P.J., and *Page 9 
CHRISTINE T. McMONAGLE, J., CONCUR
[1] R.C. 2929.11(B) states: "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." *Page 1