JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Abraham Yaacov, appeals his sentences for rape, gross sexual imposition, sexual battery, and tampering with evidence. After a thorough review of the record, and for the reasons set forth below, we affirm.
 {¶ 2} On April 29, 2004, a grand jury indicted appellant on 125 counts, which included multiple counts of rape under R.C. 2907.02, sexual battery under R.C. 2907.03, gross sexual imposition under R.C. 2907.05, and tampering with evidence under R.C. 2921.12. On April 25, 2005, a jury found appellant guilty of 41 counts of rape, first degree felonies; 39 counts of gross sexual imposition, fourth degree felonies; one count of gross sexual imposition, a third degree felony; 41 counts of sexual battery, third degree felonies; and one count of tampering with evidence, a third degree felony. After a hearing, the trial court classified appellant as a sexual predator.
 {¶ 3} On June 8, 2005, the trial judge sentenced appellant to eight years each on Counts 1-4 (rape) to be served consecutively to each other; eight years each on Counts 5-9 and 11-42 (rape), to be served concurrently to all other counts; six months each on Counts 43-82 (gross sexual imposition), with sentences on Counts 43-46 consecutive to all other counts, and sentences for Counts 47-82 concurrent to all other counts; one year each on Counts 83-103 and 105-124 (sexual battery), to be served concurrently to all other counts; and four years on Count 125 (tampering with evidence), to be served consecutively to all other counts. Appellant received a *Page 4 
total of 38 years; was fined $15,000 on Count one; and was ordered to pay court costs.
 {¶ 4} On July 7, 2005, appellant appealed to this court, which affirmed his convictions; however, State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, required a remand for resentencing. On May 14, 2007, the trial court held appellant's resentencing hearing.
 {¶ 5} At appellant's resentencing, the court found that appellant had inflicted serious emotional harm on his victim and that his relationship with the victim facilitated his offenses. As a result of the resentencing, appellant received a total of 36 years, as opposed to his original 38 year sentence, and a $5,000 fine.
 {¶ 6} The facts leading to appellant's conviction are set forth at length in State v. Yaacov, Cuyahoga App. No. 86674, 2006-Ohio-5321. Summarizing those facts, the victim in this case is appellant's daughter, Y.C., (born in 1986; aged 10 when the abuse began). Appellant and his wife were living in Israel when Y.C. was born. Appellant returned to the United States in 1986. In 2001, Y.C. moved to the U.S. to live with appellant and his wife. When Y.C. arrived at appellant's home, he examined her and her sister, E.C., to determine whether they were virgins. Over a period of three years, appellant molested Y.C, which included digital penetration, oral sex, and masturbation. Eventually, Y.C. reported the abuse to someone at her high school. By the time the police investigated, appellant had put all of Y.C.'s *Page 5 
personal items in garbage bags. While the police were able to recover most of those items during the investigation, Y.C.'s diary was never found.
 {¶ 7} Appellant brings this appeal, asserting two assignments of error for our review.
 Sentence Contrary to Law {¶ 8} "I. Appellant's sentence is contrary to law and violative of due process because the trial court failed to consider whether the sentence was consistent with the sentences imposed for similar crimes committed by similar offenders."
 {¶ 9} Appellant argues that the court erred when it violated his due process rights. More specifically, he alleges that the record does not adequately demonstrate that the trial court considered whether his sentence was consistent with sentences imposed upon similar offenders in similar cases. This argument is without merit.
 {¶ 10} After Foster, a trial court no longer has to make findings or give reasons at the sentencing hearing. State v. Dowell, Cuyahoga App. No. 88864, 2007-Ohio-5534, at ¶ 6. However, a court must carefully consider the applicable statutes in felony cases. Id. Here, the applicable statues are R.C. 2929.11, which indicates the purposes of sentencing, and R.C. 2929.12, which lists factors the trial court should consider relating to the seriousness of the offense.
 {¶ 11} Under R.C. 2929.11(A), "the overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish *Page 6 
the offender." Under R.C. 2929.11(B), "a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 12} "Consistency in sentencing is achieved by weighing the sentencing factors. [State v. Georgakopoulos, Cuyahoga App. No. 81934, 2003-Ohio-4341.] See, also, State v. Tish, Cuyahoga App. No. 88247,2007-Ohio-1836; State v. Ashley, Lake App. No. 2006-L-134,2007-Ohio-690; State v. Battle, Franklin App. No. 06AP-863,2007-Ohio-1845." State v. Dowell, supra, at ¶ 8.
 {¶ 13} In State v. Oko, Cuyahoga App. No. 87539, 2007-Ohio-538, this court held that "R.C. 2929.11 does not require a trial court to make findings on the record, * * * ." In State v. Dawson, Cuyahoga App. No. 86417, 2006-Ohio-1083, at ¶ 25, this court held that R.C. 2929.11 "sets forth objectives for sentencing courts to achieve." Further, "there is no grid under Ohio law under which identical sentences must be imposed for various classifications of offenders." Id. at ¶ 31. An appellate court must examine the record not to decide whether the trial court "imposed a sentence that is in lockstep with others, but whether the sentence is so unusual as to be outside the mainstream of local judicial practice. Although the offense[s] may be similar, distinguishing factors may justify dissimilar treatment." Id. *Page 7 
 {¶ 14} A review of the record shows that the trial judge considered the seriousness factors under R.C. 2929.12 during appellant's resentencing. The factors that applied to appellant's case include the age of the victim (10); psychological harm to the victim; and the fact that the offender's relationship (parent) to the victim facilitated the offense. R.C. 2929.12(B)(1); 2929.12(B)(2); 2929.12(B)(6). Initially, the trial judge stated that she considered all of the testimony at trial, particularly the testimony of the victim's mother and appellant's brother. She informed appellant that she had read all the letters appellant's family and friends sent on his behalf. The trial judge also noted that appellant's wife was present for sentencing.
 {¶ 15} The trial judge stated that the overall purpose of sentencing is "to punish the offender and protect the public from future crime by the offender and others." The trial judge indicated that she considered the victim's testimony and the testimony of her teachers indicating that she was a "very bright, engaging young woman." The trial judge determined that appellant had inflicted serious emotional harm on his daughter and that his relationship with her facilitated the offense. The trial judge also indicated that defense witnesses had actually accused the victim of lying and that appellant had "stared her down" during proceedings. The trial judge noted that the victim's diary, which the victim claimed detailed much of the abuse, had disappeared after appellant attempted to discard all of her belongings, leading to his conviction for tampering with evidence. *Page 8 
 {¶ 16} The trial judge stated that it appeared appellant had been doing well in prison; that there was no evidence of drugs or alcohol; and that he had been steadily employed. Finally, the trial judge noted that prison is mandatory, but that there is usually a presumption of minimum sentencing; however, the judge also considered the emotional harm to appellant's daughter, the length of time over which the crimes occurred, and the number of incidences. Ultimately, appellant received two years less on resentencing, which the trial judge attributed to his good behavior in prison.
 {¶ 17} A review of the resentencing record shows that the trial court considered the appropriate factors under R.C. 2929.11 and 2929.12. We find that appellant's sentence is supported by the record, that the trial court followed the statutory process for felony sentencing, and the sentence imposed is within the statutory range for appellant's convictions. Accordingly, appellant's first assignment of error is overruled.
 Application of Foster Ex Post Facto {¶ 18} "II. Appellant was deprived of his liberty without due process of law when he was sentenced under a judicially altered, retroactively applied, and substantively disadvantageous statutory framework."
 {¶ 19} Appellant argues that the trial court violated his due process rights when it applied the Ohio Supreme Court's decision inFoster, supra, at his sentencing. More specifically, he alleges that the application of Foster violates the ex post facto clause. This argument is without merit. *Page 9 
 {¶ 20} In Foster, the Ohio Supreme Court found several sections of the revised code unconstitutional, and severed the offending portions from the statutes. As a result, trial courts now have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or state reasons for imposing more than the minimum sentences. Foster, supra.
 {¶ 21} If Foster did not apply to appellant, he would enjoy a presumption of minimum concurrent sentencing. The ex post facto clause of Article 1, Section 10 of the United States Constitution prohibits any legislation that "changes the punishment, and inflicts greater punishment, than the law annexed to the crime, when committed."Miller v. Florida (1987), 482 U.S. 423, 429, 107 S.Ct. 2446,96 L.Ed.2d 351, citing Calder v. Bull (1798), 3 U.S. 386, 3 Dall. 386, 390,1 L.Ed. 648.
 {¶ 22} This court recently addressed this issue and, after a thorough analysis of state and federal law, held that "in the instant case, Mallette had notice that the sentencing range was the same at the time he committed the offenses as when he was sentenced. Foster did not judicially increase the range of his sentence, nor did it retroactively apply a new statutory maximum to an earlier committed crime, nor did it create the possibility of consecutive sentences where none existed. As a result, we conclude that the remedial holding of Foster does not violate Mallette's due process rights or the ex post facto principles contained therein." State v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715. *Page 10 
 {¶ 23} We therefore find that the remedial holding of Foster does not violate appellant's due process rights or the ex post facto principles contained therein.
 {¶ 24} Accordingly, appellant's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, A.J., and KENNETH A. ROCCO, J., CONCUR *Page 1