JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Juanita Myrick, appeals her sentence. After a thorough review of the record, and for the reasons set forth below, we affirm.
 {¶ 2} On May 25, 2007, a Cuyahoga County Grand Jury indicted appellant on 115 counts, which included various counts of aggravated theft under R.C. 2913.02(A)(2); theft in office under R.C. 2921.41(A)(2); forgery under R.C. 2913.31(A)(2) and 2913.31(A)(3); identity fraud under R.C. 2913.49(B)(1); tampering with records under R.C. 2913.42(B)(4); and unauthorized use of a computer under R.C. 2913.04(B).
 {¶ 3} The charges stemmed from appellant's conduct over 14 years while she worked for the Cuyahoga County Department of Employment and Family Services. During that time, appellant improperly used her position to issue herself public assistance benefits for which she did not qualify.
 {¶ 4} On May 30, 2007, appellant pleaded not guilty. On April 28, 2008, she retracted her not guilty plea and pleaded guilty to the following: one count of aggravated theft under R.C. 2913.02(A)(2), a second degree felony; 21 counts of identity fraud under R.C. 2913.49(B)(1), fourth degree felonies; two counts of tampering with records under R.C. 2913.42(B)(4), third degree felonies; and two counts of unauthorized use of a computer under R.C. 2913.04(B), fifth degree felonies. *Page 4 
 {¶ 5} Upon accepting appellant's guilty pleas, as outlined above, the trial court proceeded directly to sentencing. Appellant received eight years on the aggravated theft conviction (Count 2), eighteen months on each conviction of identity fraud (Counts 49 through 69), five years on each tampering with records conviction (Counts 70 and 71), and one year on each conviction of unauthorized use of a computer (Counts 113 and 114). Count 2 was to run consecutive to Counts 49 through 69; Counts 49 through 69 were to run consecutive to Count 70, and concurrent with each other; Count 70 was to run consecutive to Count 71; and Counts 113 and 114 were to run concurrent with each other, and consecutive to Counts 2, 49 through 69, 70, and 71. Appellant received an aggregate sentence of 20 years and six months in prison and three years of postrelease control. The trial judge also ordered appellant to pay restitution in the amount of $864,131.91.
 Review and Analysis {¶ 6} Appellant brings this appeal, asserting three assignments of error for our review.
 Sentence {¶ 7} "I. Defendant-appellant's sentence of 20 years 6 months for a first-time offender was inconsistent with similar sentences imposed for similar offenses upon defendants and other felony-2 3 offenders and constituted a manifest injustice." *Page 5 
 {¶ 8} Appellant argues that "her sentence is inconsistent with or disproportionate to similar crimes committed by similar offenders." More specifically, she "claims that her sentence of 20 years six months is disproportionate to sentences imposed by Ohio courts for similar theft/fraud offenses." She further contends that "the trial court abused its discretion and improperly imposed maximum consecutive sentences when the sentencing factors and guidelines set forth in R.C. 2929.11 and R.C. 2929.12 do not support such punishment for first offenders." These arguments are without merit.
 {¶ 9} "A defendant's sentence will not be disturbed on appeal unless the reviewing court finds, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law. Clear and convincing evidence is that which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." (Internal citations omitted.) State v.Tenbrook, Cuyahoga App. No. 89424, 2008-Ohio-53, at ¶ 9, citingState v. Samuels, Cuyahoga App. No. 88610, 2007-Ohio-3904, at ¶ 7.[1]
 {¶ 10} The Ohio Supreme Court has held that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, *Page 6 
consecutive, or more than the minimum sentences." State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus; State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855,846 N.E.2d 1, paragraph three of the syllabus.
 {¶ 11} After Foster, a trial court is no longer required to make findings or give reasons at the sentencing hearing. State v.Dowell, Cuyahoga App. No. 88864, 2007-Ohio-5534, at ¶ 6. However, a court must carefully consider the applicable statutes in felony cases. Id. Here, the applicable statues are R.C. 2929.11, which indicates the purposes of sentencing, and R.C. 2929.12, which lists factors the trial court should consider relating to the seriousness of the offense.
 {¶ 12} Under R.C. 2929.11(A), "the overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender."
 {¶ 13} Under R.C. 2929.11(B), "a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing ***, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 14} In State v. Oko, Cuyahoga App. No. 87539, 2007-Ohio-538, at ¶ 18, this court held that "R.C. 2929.11 does not require a trial court to make findings *Page 7 
on the record." In State v. Dawson, Cuyahoga App. No. 86417,2006-Ohio-1083, at ¶ 25, this court held that R.C. 2929.11 "sets forth objectives for sentencing courts to achieve."
 {¶ 15} Here, the transcript demonstrates that the trial judge properly considered R.C. 2929.11 when she stated that she "looked at the sentencing factors and the guidelines in imposing this sentence and determined what would be best to protect the public and punish you, the offender."
 {¶ 16} Under R.C. 2929.12(A), "a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing."
 {¶ 17} A careful review of the record demonstrates that the trial judge properly considered R.C. 2929.12. The court found that appellant held a position of trust in the community (R.C. 2929.12(B)(3)), and that her occupation was used to facilitate the offense (R.C. 2929.12(B)(5)). The trial court also stated that it would consider appellant's intention to pay restitution a mitigating factor, *Page 8 
particularly giving $100,000 from her retirement account, and, as such, would not "impose a maximum consecutive sentence." The court also stated that it was considering her remorse (R.C. 2929.12(E)(5)) as a mitigating factor. Accordingly, a review of the record demonstrates that the trial court appropriately considered both R.C. 2929.11 and 2929.12.
 {¶ 18} Although we have found that the trial court did not have to make findings, and did appropriately consider the applicable statutes, appellant argues that her sentence is disproportionate to sentences imposed in similar cases. "R.C. 2929.11(B) does not require the trial court to engage in an analysis on the record to determine whether defendants who have committed similar crimes have received similar punishments." State v. Hunt, Cuyahoga App. No. 81305, 2003-Ohio-175.
 {¶ 19} In State v. Ashley, Lake App. No. 2006-L-134, 2007-Ohio-690, the court held that "a consistent sentence is not derived from a case-by-case comparison; rather, it is the trial court's proper application of the statutory sentencing guidelines that ensures consistency [under R.C. 2929.11(B)]. As modified by Foster, these guidelines include any statutes specific to the case, R.C. 2929.11 and R.C. 2929.12."
 {¶ 20} Here, before sentencing, appellant presented a list of cases to the court that she felt illustrated her argument that similar offenders received less harsh sentences. The trial judge indicated that she had reviewed the cases. The *Page 9 
prosecutor was able to distinguish each case from the case at bar. Thereafter, the judge explained her reasoning for determining that each case was not truly similar to appellant's case. These cases included one where a defendant pleaded guilty to only one third degree felony; one where a defendant was convicted of driving while under the influence; one where a defendant stole different amounts of money; and one where there were felonies of different degrees. In other words, the trial judge found that none of the alleged similar cases were actually similar at all.
 {¶ 21} We find that the trial court's sentence in this case is not contrary to law. The trial judge considered the applicable statutes and determined that none of appellant's proffered cases were similar to her case. Accordingly, appellant's first assignment of error is overruled.
 Presentence Investigation {¶ 22} "II. The court abused its discretion by refusing to refer the defendant for a presentence report and imposing a 20 years six month sentence without any prior background information."
 {¶ 23} Appellant argues that the trial court abused its discretion when it did not order a presentence investigation report and then imposed a sentence without any prior background information. This argument is without merit.
 {¶ 24} Under R.C. 2947.06(A)(1), "[t]he court shall determine whether sentence should immediately be imposed. The court on its own motion may *Page 10 
direct the department of probation of the county in which the defendant resides, or its own regular probation officer, to make any inquiries and presentence investigation reports that the court requires concerning the defendant."
 {¶ 25} Under Crim. R. 32.2, "[i]n felony cases the court shall, and in misdemeanor cases the court may, order a presentence investigation and report before imposing community control sanctions or granting probation."
 {¶ 26} In State v. Exline, Cuyahoga App. No. 87945, 2007-Ohio-272, this court stated: "Crim. R. 32.2, governing presentence investigations, mandates that such reports are required only in instances when the court imposes community control sanctions or probation. Thus, because appellant was sentenced to a prison term, there was no requirement that the court order a presentence investigation report."
 {¶ 27} Here, as in Exline, supra, the court did not impose community control sanctions; therefore, it was not required to order a presentence investigation. Further, for the reasons discussed in the first assignment of error, it is clear that the trial court did not impose a "sentence without any prior background information." Accordingly, appellant's second assignment of error is overruled.
 Restitution {¶ 28} "III. The trial court erred by imposing restitution without first considering defendant-appellant's present and future ability to pay." *Page 11 
 {¶ 29} Appellant argues that the trial court erred when it imposed restitution without inquiring as to whether appellant had the ability to pay. This argument is without merit.
 {¶ 30} Initially, we note that appellant did not object to the amount of restitution in the trial court, and therefore, has waived this argument. See State v. Rini (Apr. 10, 1997), Cuyahoga App. No. 69489;State v. Hamann (1993), 90 Ohio App.3d 654, 67, 630 N.E.2d 384. However, even if appellant had not waived this issue, her argument still fails.
 {¶ 31} Under R.C. 2929.18, a trial court must consider a defendant's ability to pay restitution.[2] However, the amount of restitution was stipulated by the state and defense counsel. At the plea hearing, the prosecutor stated: "Restitution in this case has been agreed to between the parties as $864,131.91." During the plea colloquy, the trial judge stated to appellant: "Also restitution in the amount of $864,131.91. You understand that?" Appellant responded, "Yes, your honor." Therefore, the trial court did not have to make a determination as to the appropriate amount of restitution or inquire as to appellant's ability to pay. SeeRini, supra (holding that "since the amount Rini would pay as restitution was stipulated, any dispute as to the reasonableness of the amount has been waived."). *Page 12 
 {¶ 32} Accordingly, appellant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., CONCURS; CHRISTINE T. McMONAGLE, P.J., CONCURS IN JUDGMENT ONLY
[1] We acknowledge that the Ohio Supreme Court's recent decision inState v. Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, sets forth a two-prong test for review of sentences. We note thatKalish is a plurality opinion; therefore, it is merely persuasive.
[2] "A court that imposes a financial sanction upon an offender may hold a hearing if necessary to determine whether the offender is able to pay the sanction or is likely in the future to be able to pay it." R.C. 2929.18(E). *Page 1