[Cite as *State v. R.R.A.*, 2019-Ohio-5090.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

R.R.A.,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 CO 0005**

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2018-CR-441

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Robert Herron*, Columbiana County Prosecutor and *Atty. John E. Gamble*, Assistant Prosecuting Attorney, 105 South Market Street, Lisbon, Ohio 44432, for Plaintiff-Appellee

*Atty. Joseph W. Gardner*, 19 E. Front Street, Youngstown, Ohio 44503, for Defendant-Appellant.

Dated: December 9, 2019

———————————————

**WAITE, P.J.**

{¶1} Appellant appeals a January 11, 2019 Columbiana County Common Pleas Court judgment entry convicting him on one count of violating a protection order. Appellant argues that the trial court erroneously admitted four exhibits that include evidence of prior bad acts. Appellant also argues that the trial court abused its discretion when it denied his request for a presentence investigation report ("PSI") and an Eastern Ohio Correction Center ("EOCC") evaluation. For the reasons provided, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

<u>Factual and Procedural History</u>

{¶2} Appellant and the victim had been in an on-again off-again relationship for twenty years. Appellant previously lived with the victim at her residence in Columbiana County. During the course of their relationship, Appellant and the victim had been drug abusers. However, the victim successfully completed drug rehabilitation in 2010 and has been drug-free since that time. Following her rehabilitation, she permanently ended her relationship with Appellant. On April 6, 2017, the victim obtained a protection order against Appellant prohibiting him from being within one hundred feet of her.

{¶3} On October 18, 2018, Appellant's aunt called the police and informed them that Appellant was at the victim's house and could be heard screaming at her. Sergeant Michael Helman and Deputy Justin Madison of the Columbiana County Sheriff's Department responded to the call. Both Sgt. Helman and Dep. Madison were familiar with Appellant and the victim and were aware of the protection order.

<u>Case No. 19 CO 0005</u>

**{¶4}** When the officers arrived at the house, the victim met them on the front porch and informed them that Appellant was in the kitchen. The officers entered and located Appellant in the kitchen. The officers described Appellant as "jittery," and noted that he appeared to be under the influence. (Trial Tr. Vol. I, p. 161.) Appellant did not smell of alcohol but his eyes were bloodshot. The officers observed that the residence appeared to have been ransacked. Sgt. Helman testified that he observed food spread out on the kitchen table and items that had been thrown on the living room and kitchen floors. The officers informed Appellant that he was in violation of a protection order and arrested him. Appellant repeatedly asked the officers who had called them.

**{¶5}** Appellant had several prior convictions for violating a protection order (case numbers 05 CRB 133, 05 CRB 2325, 17 CRB 329, and 18 CRB 900). As such, although violation of a protection order ordinarily is classified as a misdemeanor, the offense was enhanced to a felony of the fifth degree. On November 11, 2018, Appellant was indicted on one count of violation of a protection order, a felony of the fifth degree in violation of R.C. 2919.27(A)(1), (B)(3)(a).

**{¶6}** The case proceeded to a one-day jury trial on January 9, 2019. The state offered testimony from Sgt. Helman and Dep. Madison. Appellant presented testimony from the victim. Appellant did not dispute the fact that the protection order existed or that he violated its terms. His argument instead focused on mitigating factors, such as his drug addiction and his perception that the victim had been sending him "mixed signals." (Trial Tr. Vol. I, p. 204.) The state admitted several exhibits (exhibits 3, 4, and 5) which were certified copies of Appellant's prior convictions for violations of a protection order. Following the trial, the jury found Appellant guilty of the sole charged offense.

Case No. 19 CO 0005

**{¶7}**    After the verdict was returned, the trial court indicated that it was prepared to proceed to sentencing.  Appellant orally requested a PSI.  The trial court reiterated its intent to proceed to sentencing and gave the state ten minutes to notify the victim of the sentencing hearing.  Once notified, the victim expressed that she did not wish to attend the hearing.  Once the sentencing hearing began, the defense again requested a PSI and an EOCC evaluation.  The trial court denied both requests and proceeded to sentencing.  The state admitted evidence of Appellant's prior record, which consisted of twenty-seven convictions, including:  theft and possession of drug abuse instruments (December of 2008), resisting arrest (June 2008), attempted theft, aggravated menacing, obstructing official business, and resisting arrest (July 2006), disorderly conduct (originally a menacing charge) (May 2004), and aggravated menacing and resisting arrest (October 2001).  The court sentenced Appellant to twelve months of incarceration with credit for eighty-four days served.  The trial court also notified Appellant that he was subject to a discretionary three-year postrelease control term.  It is from this entry that Appellant timely appeals.

## ASSIGNMENT OF ERROR NO. 1

The Trial Court erred by introducing into evidence State's Exhibits 1 through 5 because the information in those exhibits contained evidence that violates the rules of evidence.

**{¶8}**    Appellant actually argues that the trial court erroneously admitted four exhibits (exhibits two through five) into evidence.  According to Appellant, these exhibits include the guilty plea, finding of guilt, sentencing entries, and affidavits for each of his

prior protection order violations. Appellant argues that the documents should have been redacted to remove any reference to a non-protection order violation.

{¶9} In response, the state argues that the exhibits were necessary to establish an element of the charged offense and were not admitted to show that Appellant acted in accordance with a certain character. As to the affidavits, the state contends that they are admissible to prove a fact that is essential to a judgment pursuant to Evid.R. 803(22)(C), (D).

{¶10} Preliminarily, we note that exhibit two was not admitted into evidence. Thus, the only relevant exhibits at issue are three through five. Appellant claims that these exhibits include a plea agreement, finding of guilt, and sentencing entry for each conviction. However, there are no plea agreements or separate findings of guilt contained in these exhibits. Rather, there is one sentencing entry for each conviction stating the sentence, a finding of a guilt, that the conviction is the result of a nolo contendere plea, and the sentence.

{¶11} Although Appellant takes issue with each of the admitted exhibits, he focuses the thrust of his argument on exhibit three. Exhibit three involves documents pertaining to Appellant's conviction in case number 05 CRB 232. In addition to the sentencing entry, this exhibit includes the complaint, an affidavit from Sergeant Steve Walker, and an arrest warrant. While it pertains to a protection order violation, the entry also contains several other offenses that were related to the protection order violation, including resisting arrest, attempted vandalism, aggravated menacing, and obstruction of official business. Sgt. Walker's affidavit essentially contains the same facts and information as contained in the entry.

Case No. 19 CO 0005

{¶12} Exhibit four addresses Appellant's conviction in case number 17 CRB 329. In that case, Appellant was convicted of one count of violating a protection order. The exhibit includes the sentencing entry, the complaint, an affidavit from Dep. Kevin A. Shulas, and an arrest warrant.

{¶13} Exhibit five addresses Appellant's conviction in case number 18 CRB 900 where Appellant was convicted on one count of violating a protection order. The exhibit also contains the complaint, an affidavit from Dep. Madison, an arrest warrant, and the sentencing entry. The sentencing entry also refers to the trial court's dismissal of an aggravated menacing charge stemming from the protection order violation.

{¶14} Pursuant to R.C. 2919.27(A),

(A) No person shall recklessly violate the terms of any of the following:

(1) A protection order issued or consent agreement approved pursuant to section 2919.26 or 3113.31 of the Revised Code;

(2) A protection order issued pursuant to section 2151.34, 2903.213, or 2903.214 of the Revised Code;

(3) A protection order issued by a court of another state.

{¶15} R.C. 2919.27(B)(3)(a) provides,

Violating a protection order is a felony of the fifth degree if the offender previously has been convicted of, pleaded guilty to, or been adjudicated a delinquent child for any of the following:

(a) A violation of a protection order issued or consent agreement approved pursuant to section 2151.34, 2903.213, 2903.214, 2919.26, or 3113.31 of the Revised Code[.]

**{¶16}** There is no question that evidence of a prior conviction for violating a protection order is admissible where the state must prove that a prior violation occurred. "When existence of a prior conviction does not simply enhance the penalty but transforms the crime itself by increasing its degree, the prior conviction is an essential element of the crime and must be proved by the state." *State v. Brooke,* 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, ¶ 8, citing *State v. Allen,* 29 Ohio St.3d 53, 54, 506 N.E.2d 199 (1987).

**{¶17}** Because the state is required to prove the existence of a prior conviction, admission of evidence demonstrating the conviction is proper. *State v. Sims,* 2d Dist. Clark Nos. 2016-CA-46, 2016-CA-47, 2018-Ohio-769, ¶ 35, citing *State v. Vance,* 2d Dist. Clark Nos. 09-CA-115, 09-CA-116, 2010-Ohio-5757, ¶ 17; *State v. Moissis,* 11th Dist. Lake No. 2000-L-187, 2002-Ohio-4955, ¶ 35. That said, there are different methods which may appropriately be used to prove the fact of a prior conviction.

**{¶18}** R.C. 2945.75(B)(1), governing the use of prior convictions, provides: "[w]henever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction."

**{¶19}** In *Sims,* the appellant was charged with a violation of a protection order and faced enhancement of the charge due to a prior conviction. *Id.* at ¶ 3-4. At trial, an exhibit

was admitted into evidence consisting of two judgment entries of conviction. The documents reflected the convictions and that the appellant had entered a guilty plea. *Id.* at ¶ 26. On appeal, the appellant argued that these entries were evidence of a prior bad act and were inadmissible. The Second District held that the evidence was admissible for two reasons. First, the entries were evidence in support of an element that the state was charged with satisfying, the existence of a prior conviction. Second, the entries were evidence of the appellant's knowledge of the protection order and the absence of a mistake. Hence, the *Sims* court determined that the entries were properly admitted.

{¶20} In contrast, in another Second District case, the admission of a prior conviction for violation of a protection order was error where the enhancement pursuant to R.C. 2919.27(B)(3)(a) was not charged within the indictment. *State v. Hubbs,* 2d Dist. Montgomery No. 24969, 2012-Ohio-5313. In *Hubbs,* the appellant was charged with violating a protection order, without the enhancement. At trial, the state obtained testimony from the appellant that he had been convicted of violating a protection order on two prior occasions. On appeal, the *Hubbs* court held that the testimony was improper because the only purpose the evidence served was to show that the appellant acted in accordance with a specific character.

{¶21} Here, unlike *Hubbs,* Appellant was charged with a violation of R.C. 2919.27(B)(3)(a), requiring the state to prove that he had previously been convicted of violating a protection order. Thus, as in *Sims,* evidence of Appellant's prior convictions was proper. The question becomes whether the additional evidence going beyond simply proving a prior conviction was evidence of an inadmissible prior bad act.

**{¶22}** Again, the sentencing entry to which Appellant most strongly objects shows that, in addition to the protection order violation, Appellant was convicted of resisting arrest, attempted vandalism, aggravated menacing, and obstruction of official business. Each of the offenses was related to the incident that resulted in the protection order violation. The exhibits to his sentencing entries also included the affidavits of the investigating officers which detailed the charged offenses.

**{¶23}** Although not directly on point, a case from the Eleventh District provides guidance. *Moissis, supra.* In *Moissis,* the appellant had been charged with a violation of R.C. 2903.211, the menacing by stalking statute, which also includes an enhancement for a prior conviction. At trial, the state produced certified copies of a prior conviction, identification testimony from the appellant's probation officer, and detailed information regarding the facts of the prior convictions. The *Moissis* court discussed the lack of clarity surrounding how much evidence is required, or allowed, in cases where a prior conviction enhances the charge. Relying on R.C. 2945.75(B)(1), the court found that it was proper for the trial court to allow the certified copies of the prior convictions and the identification testimony by the officer into evidence. *Id.* at ¶ 45. As to the detailed testimony of the prior violations, the court held that such testimony went beyond establishing the existence of the prior convictions and was erroneously admitted, but found the error to be harmless, as the state presented overwhelming evidence of guilt.

**{¶24}** It is apparent that in this case, all information regarding Appellant's criminal convictions on charges other than those for violating a protection order were improperly admitted. All of this evidence regarding other charges amounts to improper bad acts evidence. As such, the evidence was improperly offered by the state and should not have

been admitted by the court. However, evidence of improper bad acts is harmless where there is no reasonable probability that the evidence contributed to the conviction. *State v. Vance,* 7th Dist. Columbiana No. 17 CO 0015, 2018-Ohio-5409, ¶ 19, citing *State v. Howard-Ross,* 2015-Ohio-4810, 44 N.E.3d 304, ¶ 22 (7th Dist.); *State v. Lytle*, 48 Ohio St.2d 391, 358 N.E.2d 623, (1976), paragraph three of the syllabus, vacated on other grounds in *Lytle v. Ohio,* 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154 (1978).

**{¶25}** Here, Appellant conceded that the protection order existed, that he knew of its existence, and that he violated its terms. In addition, evidence was presented to demonstrate that Appellant had prior convictions for violation of a protection order. Even though some of the evidence put before the jury was clearly inadmissible as evidence of prior bad acts, given the record before us we cannot say that the admission of this evidence harmed Appellant. In this case, there is an overabundance of evidence of Appellant's guilt, including his own admissions. While we cannot say that in every case such an error would be harmless, this record reveals more than enough evidence to support Appellant's convictions despite the error on the part of the state and the trial court.

**{¶26}** Accordingly, Appellant's first assignment of error is without merit and is overruled.

ASSIGNMENT OF ERROR NO. 2

The Trial Court erred sentencing the Defendant-Appellant to the maximum term, without granting the defense counsel and the probation department a reasonable time to investigate and evaluate the Defendant-Appellant's mental health and addiction problems.

Case No. 19 CO 0005

**{¶27}** Appellant argues that the trial court erred when it refused to order a PSI or an EOCC evaluation despite evidence that Appellant has a long history of drug abuse.

**{¶28}** In response, the state argues that a trial court is not required to order a PSI if it does not intend to impose a community control sanction. The state contends that it is clear that the trial court did not intend to impose a community control sanction, here.

**{¶29}** We have previously held that when a trial court does not intend to impose a community control sanction or probation, there is no requirement that the court order a PSI. *State v. Thompson*, 7th Dist. Columbiana No. 08 CO 41, 2010-Ohio-3278, ¶ 98, citing *State v. Myrick*, 8th Dist. Cuyahoga No. 91492, 2009-Ohio-2030, at ¶ 22-27; R.C. 2947.06(A)(1); Crim.R. 32.2.

**{¶30}** While the trial court did not earlier specify that it did not intend to impose a community control sanction, it can be inferred from the court's imposition of the maximum sentence and its rejection of Appellant's request. The court was not required to order a PSI and was fully within its discretion to refuse Appellant's request. This record supports the sentence of the trial court. The fact that evidence was presented to show that Appellant abuses drugs does not affect this principle. Appellant was convicted of a felony offense and had a lengthy list of previous offenses. Hence, the court in this matter was not required to grant Appellant's request. Appellant's second assignment of error is without merit and is overruled.

## Conclusion

**{¶31}** Appellant argues that the trial court erroneously admitted four exhibits which provide information regarding prior bad acts. Appellant also argues that the trial court

improperly denied his request for a PSI and EOCC evaluation.  For the reasons provided, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Robb, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**