JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Anthony Cadiou, appeals his sentence. After a thorough review of the record, and for the reasons set forth below, we affirm.
 {¶ 2} On March 31, 2008, a Cuyahoga County Grand Jury indicted appellant on four counts. Counts One, Two, and Three charged gross sexual imposition under R.C. 2907.05(A)(4), which are third degree felonies, each subject to one to five years in prison. Count Four charged kidnapping under R.C. 2905.01 (A)(2) and (A)(4), which is a first degree felony, subject to three to ten years in prison. The charges stemmed from the allegation that, between June 2007 and February 2008, appellant sexually abused his nine-year-old niece, A.M.[1] ("the victim") (D.O.B. October 12, 1998).
 {¶ 3} On April 4, 2008, appellant pleaded not guilty to the charges. On May 16, 2008, appellant withdrew his not guilty pleas, and pleaded guilty to one count of gross sexual imposition under R.C. 2907.05(A)(4), a third degree felony, subject to one to five years in prison, and one count of abduction under R.C. 2905.02(A)(2) with a sexual motivation specification, a third degree felony, also subject to one to five years in prison. Following the plea, the trial court set a sentencing date and ordered a presentence investigation report. *Page 4 
 {¶ 4} On June 17, 2008, the trial court sentenced appellant to five years in prison on each count, to be served consecutively to each other. The trial court ordered a $4,000 fine and imposed a mandatory five-year term of postrelease control. Further, the court informed appellant that he would be classified as a Tier II offender under the Adam Walsh Act.[2] In sentencing appellant, the trial judge considered the presentence investigation report and victim impact statements from the victim and her mother ("mother"). Additionally, mother, appellant's wife, appellant's pastor, and appellant addressed the court.
 Review and Analysis {¶ 5} Appellant brings this appeal, asserting one assignment of error for our review.
 {¶ 6} "I. The trial court erred when it did not follow the requirements of Ohio Revised Code Sections 2929.11 and 2929.12 when sentencing defendant-appellant."
 {¶ 7} Appellant argues that the trial court erred during sentencing when it did not follow the requirements set forth under R.C. 2929.11 and2929.12. He also alleges that the trial judge failed to make findings before imposing non-minimum and consecutive sentences. This argument is without merit.
 {¶ 8} "A defendant's sentence will not be disturbed on appeal unless the reviewing court finds, by clear and convincing evidence, that the record does not *Page 5 
support the sentence or that the sentence is contrary to law. Clear and convincing evidence is that which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." (Internal citations omitted.) State v. Tenbrook, Cuyahoga App. No. 89424, 2008-Ohio-53, at ¶ 9, citing State v. Samuels, Cuyahoga App. No. 88610, 2007-Ohio-3904, at ¶ 7.
 {¶ 9} Appellant's sentence is not contrary to law. Under R.C. 2929.14(A)(3), the punishment for a third degree felony is one, two, three, four, or five years. Appellant was convicted of two third degree felonies and sentenced to five years on each count. Five years on each count is the maximum sentence, but is not contrary to law.
 {¶ 10} Appellant contends that the trial court should have had to make some findings before imposing a maximum consecutive sentence. The Ohio Supreme Court has held that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus; State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855,846 N.E.2d 1, paragraph three of the syllabus.
 {¶ 11} After Foster, a trial court is no longer required to make findings or give reasons at the sentencing hearing. State v.Dowell, Cuyahoga App. No. 88864, 2007-Ohio-5534, at ¶ 6. However, a court must carefully consider the *Page 6 
applicable statutes in felony cases. Id. Here, the applicable statutes are R.C. 2929.11, which indicates the purposes of sentencing, and R.C. 2929.12, which lists factors the trial court should consider relating to the seriousness of the offense.
 {¶ 12} Under R.C. 2929.11(A), "the overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender." Under R.C. 2929.11(B), "a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing ***, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 13} In State v. Oko, Cuyahoga App. No. 87539, 2007-Ohio-538, at ¶ 18, this court held that "R.C. 2929.11 does not require a trial court to make findings on the record." In State v. Dawson, Cuyahoga App. No. 86417, 2006-Ohio-1083, at ¶ 25, this court held that R.C. 2929.11 "sets forth objectives for sentencing courts to achieve."
 {¶ 14} In the case before us, although the trial court did not specifically mention R.C. 2929.11, it did indicate that it was considering the overriding purposes of felony sentencing. It stated: "The court's job is to protect the public and punish you." *Page 7 
 {¶ 15} Under R.C. 2929.12(A), "a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing."
 {¶ 16} Appellant contends that his showing of remorse should be used to mitigate his sentence. Appellant apologized at sentencing, and his pastor stated that appellant told him that he was remorseful. As discussed below, the trial court clearly found there were several other aggravating factors under R.C. 2929.12 that outweighed appellant's remorsefulness.
 {¶ 17} Although the trial court did not specifically mention R.C. 2929.12, it did consider some of the factors in the statute, which it clearly found outweighed appellant's supposed remorsefulness. The judge considered that the victim's mental injury was exacerbated by her young age. See R.C. 2929.12(B)(1). The judge also noted that the victim suffered serious psychological harm, stating "she's going through counseling. She's doing what she can to repair herself, but the innocence that you have taken from her is lost forever." See R.C. 2929.12(B)(2). *Page 8 
 {¶ 18} Finally, the trial court took some time to consider the familial relationship between appellant and his niece. See R.C. 2929.12(B)(6). The victim's parents were divorced, and the victim's father is appellant's brother. The judge noted that the victim called appellant "Uncle Tony." The judge also stated: "The fact that you sought out her mother and made multiple attempts to be with her means you took advantage of the relationship through her ex-spouse in order to put yourself in the position to facilitate this offense."
 {¶ 19} In conclusion, we find that the trial court did not err in sentencing appellant. Even if the trial judge did not mention specific statutes, she properly considered all applicable statutes. Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 9 
CHRISTINE T. McMONAGLE, P.J., CONCURS; ANN DYKE, J., CONCURS IN JUDGMENT ONLY.
[1] The minor victim is referred to herein by her initials in accordance with this court's established policy.
[2] A Tier II classification requires appellant to register every 180 days for 25 years. *Page 1