[Cite as *State v. Smith*, 2011-Ohio-2037.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### Nos. 95396 and 95397

---

## STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

## CHAKA S. SMITH

### DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-535288 and CR-525115

**BEFORE:** Kilbane, A.J., S. Gallagher, J., and E. Gallagher, J.

RELEASED AND JOURNALIZED:   April 28, 2011

ATTORNEY FOR APPELLANT

Kelly A. Gallagher
P.O. Box 306
Avon Lake, Ohio 44012

ATTORNEYS FOR APPELLEE

William D. Mason
Cuyahoga County Prosecutor
John Hanley
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, A.J.:

{¶ 1}   In these consolidated appeals, defendant-appellant, Chaka Smith, challenges the concurrent five-year prison terms imposed in Case Nos. CR-525115 and CR-535288.   For the reasons set forth below, we affirm.

{¶ 2}   With regard to Case No. CR-525115, the record indicates that on June 16, 2009, defendant was indicted on two counts of robbery.   On July 29, 2009, defendant pled guilty to robbery as charged in Count 2, and Count 1 was nolled.   At this time, the trial court advised

defendant as follows:

> "THE COURT:   This charge is a felony of the third degree, and your possible prison sentence is anywhere from one to five years * * * in prison. Do you understand?
>
> * * *
>
> I am going to sentence you to two years of community control.   During this time, you will be under the supervision of the probation department.   * * * Other than that, I am not going to load up a bunch of conditions.   Here's the main condition.   You violate once, you will be sentenced to five years in prison.   So if you don't report, if you test positive for anything from marijuana on up to cocaine or heroin or anything that you particularly enjoy, I have got to impose a prison term on that.   If you want, I could give you one year today.   Do you want to do that and get it over with?
>
> THE DEFENDANT:   No.
>
> THE COURT:   You have two months of credit.   It will be a 10-month treatment.
>
> * * *
>
> THE COURT:   If you violate, you have got five years. * * *."

{¶ 3}   Thereafter, on the same day, the trial court sentenced defendant to two years of community control sanctions.

{¶ 4}   On January 25, 2010, the trial court scheduled a probation violation hearing at the request of the Cuyahoga County Probation Department, to determine whether defendant violated her community control sanctions.   Defendant did not appear at the scheduled February 4, 2010 hearing.

**{¶ 5}** On March 12, 2010, defendant was involved in an incident with her stepfather, Jerry Henderson. On March 17, 2010, defendant made her initial appearance in Case No. CR-535288, which arose in connection with this new matter.

**{¶ 6}** On March 19, 2010, the trial court heard the probation violation matter from Case No. CR-525115. The court subsequently determined that defendant violated the terms of her community control sanctions because she tested positive for cocaine use on December 16, 2009, and failed to attend the hearing on February 4, 2010. The trial court did not determine the sanction to be imposed, however, and deferred that issue pending the "resolution of *Ohio v. Chaka Smith*, Case Number CR 535288."

**{¶ 7}** On March 25, 2010, defendant was indicted in Case No. CR-535288 on two counts of attempted murder, one count of felonious assault, and one count of domestic violence with a furthermore clause alleging that defendant had previously been convicted of aggravated assault, a fourth degree felony. The State subsequently amended the domestic violence charge to delete the furthermore clause, a misdemeanor. Thereafter, on May 19, 2010, defendant pled guilty to felonious assault and misdemeanor domestic violence, and the remaining charges were dismissed.

**{¶ 8}** On June 15, 2010, the trial court held an additional hearing on the probation violation issue. At this time, defendant waived the issue of probable cause. The probation officer reported that defendant tested positive for cocaine use, failed to appear for a probation

violation hearing on February 4, 2010, and had entered guilty pleas to felonious assault and misdemeanor domestic violence on May 19, 2010.

{¶ 9} At this time, defendant's counsel spoke and indicated that the offenses stemmed from defendant's inability to control her emotions. Her counsel explained that she is now dealing with her substance abuse and anger issues, and her experience in treatment has helped her to get her life in order. Defendant's counsel explained that defendant had the opportunity to go into transitional housing, but her mother insisted that she was needed at home to help care for her younger siblings. Defendant returned home, where events occurred leading to new charges being field against her. Defendant's counsel additionally explained that defendant did stab her stepfather in the shoulder during an argument. His injuries were serious but not life threatening, and he has indicated that he suffers no long-term damage. Defendant then told the court that she had received inpatient treatment for only nine days, and she wished that it had been longer since it helped her.

{¶ 10} The court imposed sentence in both matters and stated:

"[H]aving considered Revised Code 2929.11 and 12 in both cases, I believe a prison term is appropriate. In case no. 535288 I will order, on count 3, you are sentenced to the Ohio Reformatory for Women for five years, and count 4 you are sentenced to time served. That was a misdemeanor.

In 525115, community control will be terminated and you will be sentenced to the Ohio Reformatory for Women for five years. Both of these sentences include three years mandatory post release control called PRC.

* * *

**These sentences will run concurrent. You are talking a total five year sentence."**

{¶ 11} Defendant now appeals and asserts the following assignment of error as to both sentences:

**"The appellant's sentence was an abuse of discretion."**

{¶ 12} Within this assignment of error, defendant asserts that the trial court abused its discretion in imposing a five-year sentence in this matter.

{¶ 13} In *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the Ohio Supreme Court held that trial courts were no longer required to make findings when "imposing maximum, consecutive, or more than the minimum sentences." The *Foster* court then severed these provisions from the Ohio Revised Code and held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id., at paragraph seven of the syllabus.

{¶ 14} In *Oregon v. Ice* (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517, the United States Supreme Court upheld a statute that required judicial fact finding when imposing consecutive sentences, and concluded that the Sixth Amendment to the United States Constitution is not violated when sentencing judges, rather than juries, make the findings of facts necessary for the imposition of consecutive, rather than concurrent, sentences for

multiple offenses.    Id. at 716-720.

{¶ 15} Recently, in *State v. Hodge,* 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, the Ohio Supreme Court rejected the argument that the decision in *Ice* automatically and retroactively reinstates the consecutive-sentencing statutes that were excised in *Foster*.    The court stated:

> "[T]he decision of the United States Supreme Court in [*Ice*] does not revive Ohio's former consecutive-sentencing statutory provisions, R.C. 2929.14(E)(4) and 2929.41(A), which were held unconstitutional in [*Foster*]. Because the statutory provisions are not revived, trial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made.
>
> The trial court in this case did not err in imposing consecutive sentences without applying R.C. 2929.14(E)(4) and 2929.41(A)[.]"    *Hodge* at ¶39, 40.

{¶ 16} The *Hodge* court held that trial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made.    Id.; Accord *State v. Reed*, Cuyahoga App. No. 91767, 2009-Ohio-2264; *State v. Lockhart,* Cuyahoga App. No. 95093, 2011-Ohio-936.

{¶ 17} Therefore, subsequent to *Foster*, appellate courts must apply a two-step approach when reviewing a defendant's sentence.    *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124.    "First, they must examine the sentencing court's

compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." Id.

{¶ 18} The court explained that as part of its analysis of whether the sentence is "clearly and convincingly contrary to law," an appellate court must ensure that the trial court considered the purposes and principles of R.C. 2929.11 and the factors listed in R.C. 2929.12.

{¶ 19} R.C. 2929.11(A) provides that:

**"A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing[,] * * * to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."**

{¶ 20} The goal of felony sentencing pursuant to R.C. 2929.11(B) is to achieve "consistency" not "uniformity." *State v. Klepatzki*, Cuyahoga App. No. 81676, 2003-Ohio-1529. The trial court is not required to make express findings that the sentence is consistent with other similarly situated offenders. *State v. Cadiou,* Cuyahoga App. No. 91696, 2009-Ohio-1789. Furthermore, an appellate court is not required to review the record to determine whether the trial court "imposed a sentence that is lockstep with others, but

whether the sentence is so unusual as to be outside the mainstream of local judicial practice."
*State v. Dawson,* Cuyahoga App. No. 86417, 2006-Ohio-1083. The defendant must raise this issue before the trial court and present some evidence, however minimal, in order to provide a starting point for analysis and to preserve the issue for appeal. *State v. Woods*, Cuyahoga App. No. 82789, 2004-Ohio-2700.

{¶ 21} Under R.C. 2929.12(A), "a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing."

{¶ 22} In *Kalish*, the Supreme Court also made clear that even after *Foster*, "where the trial court does not put on the record its consideration of R.C. 2929.11 and 2929.12, it is presumed that the trial court gave proper consideration to those statutes." Id. at fn. 4, citing *State v. Adams* (1988), 37 Ohio St.3d 295, 525 N.E.2d 1361, paragraph three of the syllabus.

{¶ 23} Applying all of the foregoing, we find that the trial court did not err in sentencing appellant. On July 29, 2009, at the time that defendant pled guilty to the charge

of robbery, and prior to the occurrence of the second matter involving the stabbing of defendant's stepfather, the court informed defendant that, potentially, she faced from one to five years of imprisonment on that charge. The court specifically apprised her that she would receive a five-year sentence for the robbery charge if she violated the terms of community control.

{¶ 24} Later, after defendant pled guilty to the additional charges of felonious assault and misdemeanor domestic violence, the court imposed a single, concurrent five-year term for both the robbery conviction and the felonious assault and domestic violence convictions. That is, the court imposed the five-year term announced at the July 29, 2009 hearing in Case No. CR-525115, despite the fact that defendant had also, at the time of the sentencing, admitted to felonious assault and domestic violence in Case No. CR-535288. Therefore, the court imposed no additional penalty despite the fact that defendant had committed the additional serious offenses.

{¶ 25} Moreover, the sentence was within the statutory range of penalties for robbery in violation of R.C. 2911.02(A)(3), i.e., one, two, three, four, or five years in prison. R.C. 2929.14(A)(3). The sentence was also within the range of penalties for felonious assault, a felony of the second degree, R.C. 2903.11(A)(2), i.e., two, three, four, five, six, seven, or eight years in prison. R.C. 2929.14(A)(2).

{¶ 26} Further, the trial court stated that it had considered the purposes and goals of

sentencing set forth in R.C. 2929.11.   There was no evidence that the sentence is so unusual as to be outside the mainstream of local judicial practice.

{¶ 27} In addition, the record indicates that the trial court considered the factors outlined in R.C. 2929.12, including the seriousness of the conduct, the likelihood of recidivism in relation to defendant's substance abuse and emotional issues, and also considered her limited inpatient treatment as well as her housing issues.

{¶ 28} In accordance with the foregoing, the court complied with the applicable statutes in imposing the sentence, and it is not clearly and convincingly contrary to law.   We find no abuse of discretion.    Accordingly, appellant's assignments of error are overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER, J., and
EILEEN A. GALLAGHER, J., CONCUR