[Cite as *State v. Gonzales*, 2011-Ohio-4415.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96058**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ROSELIO GONZALES

DEFENDANT-APPELLANT

**JUDGMENT:**
**AFFIRMED IN PART, REVERSED IN PART AND**
**REMANDED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-535203

**BEFORE:** Rocco, J., Stewart, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** September 1, 2011

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

BY:   John T. Martin
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Jennifer A. Driscoll
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113



KENNETH A. ROCCO, J.:

{¶ 1} After pleading guilty to two counts of gross sexual imposition ("GSI") committed upon a child victim, defendant-appellant Roselio Gonzales appeals from his sexual offender classification and from the ten-year sentence he received for his convictions.

{¶ 2} Gonzales presents three assignments of error. He argues his sexual offender classification is incorrect, the trial court failed to engage in a proportionality analysis prior to sentencing him, and the trial court failed to make the necessary findings and to provide reasons for imposing consecutive terms.

{¶ 3} Upon a review of the record, Gonzales's first assignment of error has merit; it is clear the parties misunderstood the effect of his plea on his sexual offender classification. However, Gonzales never brought the issue of sentence proportionality to the trial court's attention; thus, he waived the argument he presents in his second assignment of error. In addition, in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, the Ohio Supreme Court rejected the argument Gonzales presents in his third assignment of error, and Gonzales's sentence is within statutory limits, consequently, his third assignment of error also lacks merit.

{¶ 4} This case, therefore, is reversed in part, affirmed in part, and remanded for the trial court to conduct a new sexual offender classification hearing. The trial court is required under R.C. 2950.01(F)(1)(c) to classify Gonzales as a Tier II offender.

{¶ 5} Gonzales originally was indicted in this case on two counts of kidnapping in violation of R.C. 2905.01(A)(4) and two counts of GSI in

violation of R.C. 2907.05(A)(4). The two victims were alleged to be under the age of thirteen, and all of the counts contained a sexually violent predator specification. The kidnapping counts also contained sexual motivation specifications.

{¶ 6} Eventually, Gonzales and the state entered into a plea agreement. The prosecutor informed the trial court that, in exchange for Gonzales's guilty pleas to the GSI counts, the state would amend the indictment to dismiss the sexually violent predator specifications from those counts, and would dismiss the kidnapping charges. The prosecutor mistakenly told the trial court that Gonzales would be a "Tier III sexual offender."

{¶ 7} The trial court asked the prosecutor if that classification was "by agreement," and the prosecutor responded, "No. That's due to the statute." Defense counsel indicated the prosecutor's representations were "correct."

{¶ 8} The trial court thereupon engaged Gonzales in a colloquy. Gonzales indicated he understood that his guilty pleas to two third-degree felonies could subject him to possible punishments "from one to five years in yearly increments" on both, and that he "would be classified as a Tier III offender." The trial court accepted Gonzales's pleas.

{¶ 9} The sentencing and classification hearing took place a month later. By that time, the trial court had obtained a presentence report, and the

prosecutor had filed a sentencing memorandum. The prosecutor requested the court to impose the maximum term possible "under the law."

{¶ 10} After listening to Gonzales, his defense counsel, the parents of one of the victims, and the prosecutor, the trial court imposed consecutive terms of five years on each count. The court further advised Gonzales that he was classified as "a Tier III offender," and informed him of those registration requirements.

{¶ 11} Gonzales filed an appeal from his classification and sentences, and presents the following three assignments of error.

{¶ 12} "I.   Pursuant to R.C. 2950.01, the offense of Gross Sexual Imposition in violation of R.C. 2907.05(A)(4) is a Tier II offense and the Defendant's Tier III classification is incorrect.

{¶ 13} "II.   The trial court failed to adequately ensure that its total sentence was proportionate to sentences being given to similarly situated offenders who have committed similar offenses.

{¶ 14} "III.   Appellant's consecutive sentences are contrary to law and violative of due process because the trial court failed to make and articulate the findings and reasons necessary to justify it."

{¶ 15} Gonzales argues in his first assignment of error that the trial court improperly classified him as a "Tier III" sexual offender. He contends, in

light of the amendments to his indictment made by the state, the relevant statutory provision mandates a "Tier II" classification. His argument has merit.

{¶ 16} Pursuant to R.C. 2950.01(F)(1)(c), Gonzales's conviction for violation of R.C. 2907.05(A)(4) requires a "Tier II" classification. The state deleted the sexually violent predator specifications from the counts to which he entered his guilty pleas. Had Gonzales pleaded guilty to the two counts of GSI with those specifications attached, he would "automatically" have been classified as a "Tier III" offender pursuant to R.C. 2950.01(G)(6), but he did not.

{¶ 17} The transcript of the plea hearing, moreover, clearly reflects that Gonzales's acquiescence to the classification was due to a mistake, rather than due to the plea agreement itself. *State v. Powell*, 188 Ohio App.3d 232, 2010-Ohio-3247, 955 N.E.2d 85; cf., *State v. Grate,* Trumbull App. No. 2008-T-0058, 2009-Ohio-4452, ¶44.

{¶ 18} Under these circumstances, Gonzales's first assignment of error is sustained.

{¶ 19} In his second assignment of error, Gonzales argues the trial court failed to engage in the proportionality analysis required by R.C. 2929.11. His argument is rejected.

{¶ 20} This court previously has held that in order to support a contention that a sentence is disproportionate to sentences imposed upon other offenders, the defendant must raise this issue before the trial court and present some evidence, however minimal, in order to provide a starting point for analysis and to preserve the issue for appeal. *State v. Edwards*, Cuyahoga App. No. 89081, 2007-Ohio-6068. In this case, although the state submitted a sentencing memorandum to the court, Gonzales did not even mention the issue of proportionality at his sentencing hearing. Consequently, he waived the issue on appeal. *State v. Jordan*, Cuyahoga App. No. 91869, 2009-Ohio-3078, ¶17.

{¶ 21} Gonzales's second assignment of error, accordingly, also is overruled.

{¶ 22} In his third assignment of error, Gonzales argues that the trial court failed to make the necessary required findings to justify the imposition of consecutive sentences. Gonzales recognizes that the Ohio Supreme Court excised those statutory provisions that required judicial fact-finding before imposing consecutive sentences in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. Nevertheless, he argues that the United States Supreme Court decision in *Oregon v. Ice* (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517, abrogated *Foster*.

**{¶ 23}** Gonzales concedes, however, as he must, that the Ohio Supreme Court recently rejected this argument and held that trial courts are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences. *State v. Burrell*, Cuyahoga App. No. 95512, 2011-Ohio-2533, ¶22, citing *Hodge.* This court is bound to follow decisions of the Ohio Supreme Court. *Battig v. Forshey* (1982), 7 Ohio App.3d 72, 454 N.E.2d 168, paragraph three of the syllabus.

**{¶ 24}** Accordingly, Gonzales's third assignment of error also is overruled.

**{¶ 25}** Gonzales's convictions and sentences are affirmed. His sexual offender classification is reversed, and this case is remanded for a hearing for the limited purpose of notifying Gonzales that his convictions cause him to be classified as a "Tier II" offender. It is ordered that appellee and appellant share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

MELODY J. STEWART, P.J., and
COLLEEN CONWAY COONEY, J., CONCUR