[Cite as *State v. Clemmons*, 2012-Ohio-1536.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96938**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DWAYNE CLEMMONS

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-541837

**BEFORE:** Rocco, J., Sweeney, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** April 5, 2012

**ATTORNEY FOR APPELLANT**

Terrence K. Scott
Assistant State Public Defender
250 East Broad Street
Suite 1400
Columbus, Ohio 43215-2998

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Daniel T. Van
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, J.:

{¶1} After entering guilty pleas to two counts of gross sexual imposition and one count of abduction, defendant-appellant Dwayne Clemmons appeals from the sexual offender classification into which the trial court placed him.

{¶2} In accepting the guilty pleas, the trial court classified Clemmons as a Tier II sexual offender, and in its final journal entry, the trial court indicated Clemmons was a "Tier III" offender. Clemmons presents this court with one assignment of error, asserting that neither classification is permitted for his convictions. This court must agree.

{¶3} Because Clemmons's convictions require his classification as a Tier I sexual offender, the classifications made by the trial court are reversed, and this case is remanded to the trial court for a new sexual offender classification hearing and a correction of the relevant journal entries.

{¶4} Clemmons originally was indicted in this case on ten counts, charged with four counts of rape with sexually violent predator specifications, four counts of gross sexual imposition, and two counts of kidnapping with sexual motivation specifications. After a lengthy discovery period, and on the date set for trial, Clemmons accepted a plea offer from the state.

{¶5} The prosecutor outlined the plea offer as follows: in exchange for Clemmons's guilty pleas, the state would dismiss Counts 1 through 4, Counts 7, 8 and 10, and amend Count 9 to a charge of abduction in violation of "R.C. 2905.02(A)(2)," with a "sexual motivation specification." Thus, in addition to the amended Count 9,

Clemmons would plead guilty to Counts 5 and 6, i.e., two counts of gross sexual imposition in violation of R.C. 2907.05(A)(5). The prosecutor indicated Clemmons "automatically" would be classified as a "Tier II" sexual offender as a result of his pleas.

{¶6} After explaining to Clemmons the constitutional rights he was waiving by entering his pleas, and the nature of the charges and the potential penalties involved, including his classification as a "Tier II" sexual offender, the trial court accepted Clemmons's guilty pleas to the amended indictment and dismissed the remaining counts. The journal entry of Clemmons's guilty pleas states, in relevant part, that he pleaded guilty to "abduction *R.C. 2905.02(A)(2)* with sexual motivation specification(s) 2941.147" and would "be classified as a Tier II offender." (Emphasis added.)

{¶7} The trial court eventually sentenced Clemmons to concurrent terms of 12 months on Counts 5 and 6, and five years on the amended Count 9. The trial court also informed Clemmons that he was "a Tier II sexual offender," and explained the registration duties required by that classification.

{¶8} However, in its journal entry of sentence, the trial court indicated Clemmons was "classified as a Tier III sex offender." Clemmons later sought to withdraw his guilty pleas but was unsuccessful. Subsequently, he requested of this court to file a delayed appeal, a request this court granted.

{¶9} Clemmons presents one assignment of error, which states:

**"I. The trial court committed plain error and deprived Dwayne Clemmons of his right to due process under the Fourteenth Amendment to the United States**

**Constitution and Section 16, Article I of the Ohio Constitution when the trial court attached a sexual motivation specification to an offense which is not authorized by law and failed to classify Mr. Clemmons as a Tier I offender, as required by law."**

{¶10} Clemmons asserts that his guilty pleas required his sexual offender classification to be as a Tier I offender rather than as a Tier II offender. He further argues that, even if he is wrong in his assertion, the trial court's journal entry of sentence nevertheless requires correction. Upon a review of the record, this court must agree with Clemmons's assertion as well as his argument.

{¶11} Clemmons entered guilty pleas to Counts 5, 6, and an amended Count 9. Counts 5 and 6 charged him with gross sexual imposition in violation of R.C. 2907.05(A)(5). In pertinent part, R.C. 2907.05 provides:

(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
* * *
(5) The ability of the other person to resist or consent or the ability of one of the other persons to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age, and the offender knows or has reasonable cause to believe that the ability to resist or consent of the other person or of one of the other persons is substantially impaired because of a mental or physical condition or because of advanced age.

{¶12} R.C. 2950.01(E)(1)(c) provides that an individual who violates R.C. 2907.05(A)(5) "should [be] labeled a Tier I offender." *State v. Jackson*, 8th Dist. No. 94460, 2010-Ohio-5844, ¶ 7.

**{¶13}** On amended Count 9, Clemmons also pleaded guilty to violating R.C. 2905.02(A)(2), abduction, with a "sexual motivation specification." The trial court classified Clemmons as a Tier II sexual offender based upon his plea to this charge. However, R.C. 2941.147[1] "makes no mention of R.C. 2905.02 as a crime to which a sexual motivation specification may attach." *Jackson*, ¶ 6.

**{¶14}** The record reflects Clemmons did *not* plead guilty on amended Count 9 to violating R.C. 2905.02(B), abduction with sexual motivation. Pursuant to R.C. 2950.01(A)(10), *that* offense is defined as a sexually oriented offense, and pursuant to R.C. 2950.01(F)(1)(f),[2] qualifies a defendant for classification as a Tier II offender. Clemmons's guilty plea and conviction for abduction under R.C. 2905.02(A)(2) on the

---

[1]R.C. 2941.147 states in pertinent part:

(A) Whenever a person is charged with an offense that is a violation of section 2903.01, 2903.02, 2903.11, or 2905.01 of the Revised Code, a violation of division (A) of section 2903.04 of the Revised Code, an attempt to violate or complicity in violating section 2903.01, 2903.02, 2903.11, or 2905.01 of the Revised Code when the attempt or complicity is a felony, or an attempt to violate or complicity in violating division (A) of section 2903.04 of the Revised Code when the attempt or complicity is a felony, the indictment, count in the indictment, information, or complaint charging the offense may include a specification that the person committed the offense with a sexual motivation. * * *

[2]R.C. 2950.01 provides in pertinent part:

(F) "Tier II sex offender/child-victim offender" means any of the following:
* * *

(1) A sex offender who is convicted of, pleads guilty to, has been convicted of, or has pleaded guilty to any of the following sexually oriented offenses:
* * *

(c) A violation of division (A)(4) of section 2907.05 * * * of the Revised Code;
* * *

(f) A violation of division (B) of section 2905.02 * * *; * * *.

amended Count 9, on the other hand, could not serve as a basis for a Tier II sexual offender classification.

{¶15} In *State v. Cadiou*, 8th Dist. No. 91696, 2009-Ohio-1789, this court faced a different situation: the defendant not only pleaded guilty to abduction committed with a sexual motivation, but also to violating R.C. 2907.05(A)(4), gross sexual imposition upon a minor.  On the facts of that case, Cadiou was a Tier II offender pursuant to both R.C. 2950.01(F)(1)(c) and (f).

{¶16} Because Clemmons did not enter a guilty plea on amended Count 9 to R.C. 2905.02(B), the offense that falls within the definition of a "sexually oriented offense," but instead entered a guilty plea to R.C. 2905.02(A)(2), a charge to which a sexual motivation specification cannot be attached, Clemmons should have been classified as a Tier I offender for his gross sexual imposition convictions on Counts 5 and 6.

{¶17} Accordingly, Clemmons's assignment of error is sustained.

{¶18} The trial court erred when it classified Clemmons as a Tier II sexual offender, so it follows that the trial court's journal entry of sentence, which states Clemmons is a "Tier III sex offender" also is incorrect.  The trial court's orders of sexual offender classification are reversed, and this case is remanded for the trial court to conduct a reclassification hearing, at which the court shall inform Clemmons of his registration duties as a Tier I sexual offender, and after which the court shall correct its journal entries to reflect Clemmons's classification as a Tier I sexual offender.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for further proceedings.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

JAMES J. SWEENEY, P.J., and
MARY EILEEN KILBANE, J., CONCUR