[Cite as *State v. Bradley*, 2013-Ohio-485.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98216**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANDRE R. BRADLEY

DEFENDANT-APPELLANT

**JUDGMENT:**
CONVICTION AFFIRMED; REMANDED FOR
RECLASSIFICATION HEARING

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-555799

**BEFORE:** Jones, P.J., Keough, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** February 14, 2013

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

BY: Cullen Sweeney
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: James M. Price
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

**{¶1}** Defendant-appellant, Andre Bradley, appeals his conviction for gross sexual imposition and classification as a Tier III sex offender. Finding some merit to the appeal, we affirm his conviction but remand the case for a sexual offender reclassification hearing.

**{¶2}** In 2011, Bradley was charged with aggravated burglary, attempted rape with a sexually violent predator specification, and gross sexual imposition. He waived his right to a jury trial and the matter proceeded to trial before the bench. The following pertinent facts were adduced at trial.

**{¶3}** "K.B."[1] was 23 years old at the time of the incident and lived in an apartment with her children and her longtime best friend, Crystall Ezell. Bradley, K.B.'s biological father, lived with his mother but spent time with K.B. and her children. On September 3, 2011, Bradley and K.B.'s mother, Angela Flowers, visited K.B. K.B. testified she drank a beer with her parents and a beer or two after they left. K.B. also testified that, later that evening, she went to a bar and consumed a "shot or two," and was "buzzed," but "not drunk."

---

[1] We refer to the named victim in this case by her initials in accordance with this court's policy of identifying sexual assault victims by their initials.

{¶4} K.B. returned home and went to bed, wearing shorts and a tank top. She left her bedroom window open but the screen was locked. She also left her bedroom light and television on.

{¶5} At some point in the night, K.B. awoke, falling out of bed, and saw that she no longer had her shorts on and her shirt was up above her chest. Her window screen was broken and the bedroom light and television were off. K.B. saw a man standing in her room, with his pants open and his penis outside the front of his pants. K.B. immediately noticed that the man was Bradley, her father. Bradley "pushed [her] thighs to the side," and told her to "just lay down." K.B. testified that when her father touched her inner thigh with his hands, her legs "were kind of being pushed apart." K.B. refused, grabbed a quilt to cover herself, and got up. She hastily put her clothes on and left the room. Bradley told her not to tell anyone, especially her mother.

{¶6} Ezell testified that she went to sleep on the family room couch that night but was awoken on multiple occasions by Bradley asking her to let him in the apartment. The first time, Ezell saw Bradley through the window, demanding Ezell let him in. Ezell refused and Bradley left. Bradley returned a short time later and again asked to be let in. Ezell ignored Bradley, testifying that K.B. had told her she did not want her father in her apartment without her permission. Ezell testified that Bradley returned a third time and she continued to ignore him.

{¶7} Ezell fell back asleep but woke up again when K.B. entered the room and lit a cigarette. Ezell testified that K.B. appeared to be in shock. K.B. took Ezell outside.

Moments later, the women saw Bradley walking through the adjacent parking lot. Ezell testified that the only way Bradley could have left the apartment was through K.B.'s bedroom window because the back door was locked from the inside and she and K.B. had been standing by the front door.

{¶8} The women went back inside; Ezell stated that K.B. appeared scared and was crying. K.B. called her mother, Angela Flowers, who drove her to the hospital. Flowers testified that she received a call from her daughter in the early morning of the incident. K.B. was "hysterical" and relayed that her father had been in her bedroom with his penis out and had "raped her." Flowers took her daughter to the hospital. Flowers further testified that after the incident Bradley asked her to convince their daughter to drop the charges.

{¶9} Kathleen Goellnitz, a sexual assault nurse examiner for Fairview Hospital, testified that she examined K.B., who appeared "upset" and "tearful at times." K.B. testified that she felt "shocked" and "embarrassed" during the examination. Goellnitz testified that K.B. reported that she fell off her bed and her pants were off and her shirt was up above her chest. K.B. reported that when she awoke, her father was in her room, exposed, and had grabbed her thigh and told her to lay down. K.B. told Goellnitz that she refused to lay down and Bradley responded by telling K.B. not to tell her mother. K.B. reported that she had vaginal discharge and pelvic pain.

{¶10} Goellnitz testified that she conducted an examination with a sexual assault kit but did not note any signs of physical trauma. The nurse testified that K.B. admitted

she had been drinking earlier in the evening, but observed K.B. to be "alert and oriented."

{¶11} Cleveland Police Officer Jose Pedro testified he responded to K.B.'s house, where she told him that she had been woken up while in bed by a male standing over her with his penis in his hand. She identified the male as her father.

{¶12} Cleveland Police Detective Richard Durst testified that he interviewed K.B. three days after the incident and K.B. appeared "nervous, visibly upset," and was crying. He reviewed the photos of the incident and noted that K.B.'s bedroom window screen was "twisted and bent," which indicated to him that "someone had forced their way through the screen."

{¶13} Connie Gallina, K.B.'s neighbor, testified that Bradley came to her apartment around 1 or 2 a.m. and asked to borrow a screwdriver. Gallina testified that she did not have a screwdriver but gave Bradley a Marlboro cigarette and let him use her cell phone because "he said he wanted to call his daughter."

{¶14} Bradley's mother, Sylvia Hubbard, first testified that she did not remember talking to her son about the incident. But during her testimony, the state played a tape recording of a jailhouse conversation in which Bradley told his mother she needed "to stay in cahoots with [K.B.]" and that "if [K.B.] doesn't drop this s**** it's going to 'F' him up." Hubbard insisted that K.B. was "not in control of herself when she drinks" and that K.B. had lied to her in the past.

{¶15} The court convicted Bradley of the lesser included offense of burglary and gross sexual imposition. The court sentenced Bradley to six years in prison for burglary,

eighteen months in prison for gross sexual imposition, and labeled him a Tier III sex offender.

**{¶16}** Bradley now appeals, raising the following assignments of error for our review:

I.   Andre Bradley's gross sexual imposition conviction is not supported by legally sufficient evidence as required by state and federal due process.

II.   The trial court erred in classifying Andre Bradley as a Tier III sex offender.

## Sufficiency of the Evidence

**{¶17}** In the first assignment of error, Bradley argues that his gross sexual imposition conviction is not supported by the evidence.[2]

**{¶18}** Crim.R. 29 mandates that the trial court issue a judgment of acquittal where the state's evidence is insufficient to sustain a conviction for the offense. Crim.R. 29(A) and sufficiency of evidence review require the same analysis. *State v. Mitchell*, 8th Dist. No. 95095, 2011-Ohio-1241, ¶ 18, citing *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386. The role of an appellate court presented with a sufficiency of the evidence argument is delineated as follows:

An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have

---

[2]   Bradley does not challenge his burglary conviction.

found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

**{¶19}** Gross sexual imposition, in violation of R.C. 2907.05, states in part:

(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:

(1) The offender purposely compels the other person, or one of the other persons, to submit by force or threat of force.

**{¶20}** Here, Bradley argues that there was no evidence presented at trial that he compelled his daughter to submit to his touching of her thigh by force or threat of force. He contends that while his alleged touching of K.B.'s thigh may have constituted sexual contact, there was no other force used to facilitate the sexual contact, therefore, he should not have been convicted of gross sexual imposition. We disagree.

**{¶21}** "Force" is defined as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." R.C. 2901.01(A).

**{¶22}** This court has held that separating a victim's legs and pulling down the victim's clothing while the victim sleeps can only be accomplished through force. *State v. Graves*, 8th Dist. No. 88845, 2007-Ohio-5430; *State v. Simpson*, 8th Dist. No. 88301, 2007-Ohio-4301; *see also State v. Sullivan*, 8th Dist. No. 63818, 1993 Ohio App. LEXIS 4859 (Oct. 7, 1993); *State v. Lillard*, 8th Dist. No. 69242, 1996 Ohio App. LEXIS 2150 (May 23, 1996).

**{¶23}** This court has also previously held that the manipulation of a sleeping victim's clothing in order to facilitate sexual contact can constitute force under R.C. 2901.01(A)(1) even though such force requires only minimal physical exertion. *State v. Walker*, 8th Dist. No. 96662, 2011-Ohio-6645, ¶ 20; *see also State v. Clarke*, 8th Dist. No. 94207, 2010-Ohio-5010, ¶ 23; *State v. Clark*, 8th Dist. No. 90148, 2008-Ohio-3358.

**{¶24}** In this case, K.B. testified that she fell asleep wearing a shirt and shorts but when she woke up her shorts were completely removed and her shirt was up above her chest. Bradley was standing above her, exposing himself, and used his hands to touch her inner thigh and try to push her legs apart. He also told her to "lay down," but she refused. Based on these facts, the precedent in this district, and in viewing the evidence in the light most favorable to the state, there was sufficient evidence to convict Bradley of gross sexual imposition.

**{¶25}** The first assignment of error is overruled.

Sexual Offender Classification

**{¶26}** In his second assignment of error, Bradley contends the trial court improperly classified him as a Tier III sexual offender. He argues that his conviction for gross sexual imposition pursuant to R.C. 2907.05(A)(1), a felony of the fourth degree, mandates a Tier I classification pursuant to R.C. 2950.01(E)(1)(c). The state concedes this assignment of error. Indeed, pursuant to R.C. 2950.01(E)(1)(c), a person convicted of gross sexual imposition pursuant to R.C. 2907.05(A)(1) is to be designated a Tier I offender.

**{¶27}** Thus, the case is remanded for a hearing for the limited purpose of notifying Bradley that his gross sexual imposition conviction causes him to be classified as a Tier I offender. *See State v. Gonzales*, 8th Dist. No. 96058, 2011-Ohio-4415, ¶ 25. After the reclassification hearing, the trial court shall also correct any applicable journal entries to reflect Bradley's classification as a Tier I sexual offender. *State v. Clemmons*, 8th Dist. No. 96938, 2012-Ohio-1536, ¶ 18.

**{¶28}** The second assignment of error is sustained.

**{¶29}** Accordingly, Bradley's conviction is affirmed and the case is remanded for a hearing for the limited purpose of notifying Bradley of his Tier I sex offender classification and for correction of the journal entries.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and

PATRICIA ANN BLACKMON, J., CONCUR